## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANDREW K. BONNER, JR., | : | NO. 3:18-cv-09187-PGS-LHG |
|  | : |  |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| MARISSA M. HUBER, | : |  |
| JUSTIA.COM, and NJ COURT | : |  |
| OF APPEALS CLERKS OFFICE, | : |  |
|  | : |  |
| Defendants. | : |  |

**DEFENDANT JUSTIA INC.'S BRIEF IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF MAY BE GRANTED PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Eric J. Bronstein, Esquire
Ryan F. Michaleski, Esquire
LEWIS, BRISBOIS, BISGAARD &
SMITH LLP
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
(215) 977-4100

Attorneys for Defendant
Justia Inc.

DATED:  July 30, 2018

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... iii

STATEMENT OF FACTS .........................................................................1

LEGAL ARGUMENT ...............................................................................3

    SECTION A........................................................................................3

    STANDARD OF REVIEW FOR FEDERAL
    RULE OF CIVIL PROCEDURE 12(b)(6)

    SECTION B ........................................................................................4

    PLAINTIFF FAILS TO STATE A CLAIM
    OF LIBEL AND DEFAMATION AGAINST
    MOVING DEFENDANT

    SECTION C ........................................................................................6

    PLAINTIFF FAILS TO STATE A CLAIM
    OF SLANDER AGAINST MOVING
    DEFENDANT

    SECTION D........................................................................................7

    PLAINTIFF FAILS TO STATE A CLAIM
    OF "EMOTIONAL DISTRESS" AGAINST
    MOVING DEFENDANT

    SECTION E ......................................................................................10

    PLAINTIFF'S CLAIMS THAT MOVING
    DEFENDANT VIOLATED 18 U.S.C. §§
    1506 AND 1509 ARE NOT VALID AND
    MUST BE DISMISSED

SECTION F ................................................................................................................11

PLAINTIFF'S COMPLAINT FAILS TO SET
FORTH ANY VALID CAUSES OF ACTION
TO      RECOVER      COMPENSATORY
DAMAGES OR PUNITIVE DAMAGES

SECTION G................................................................................................................12

MOTION  FOR  A  MORE  DEFINITIVE
STATEMENT

CONCLUSION.............................................................................................................14

.

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Hedges v. United States,*
404 F.3d 744 (3rd Cir. 2005). .......................................................................................... 3

*Warth v. Seldin,*
422 U.S. 490 (1975). ............................................................................................................ 3

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007). ............................................................................................................ 3

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009). ............................................................................................................ 3

*Robertson v. Dean Witter Reynolds, Inc.,*
749 F.2d 530 (9th Cir. 1984). .......................................................................................... 3

*Taj Mahal Travel, Inc. v. Delta Airlines, Inc.,*
164 F.3d 186 (3rd Cir. 1998). .......................................................................................... 4

*Mayflower Transit, LLC v. Prince,*
314 F. Supp. 362 (D. N.J. 2004). ...................................................................................... 4

*Hoagburg v. Harrah's Marina Hotel Casino,*
585 F. Supp. 1167 (D. N.J. 1984). .................................................................................. 6

*Sporn v. Ocean Colony Condo Ass'n,*
173 F. Supp. 2d 244 (D. N.J. 2001). ................................................................................ 9

*Lithuanian Commerce Corp. v. Sara Lee Hosiery,*
219 F. Supp. 2d 600 (D. N.J. 2002). ............................................................................ 12

*Ericson v. Pardus,*
551 U.S. 89 (2007). ............................................................................................................ 13

*Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,*
482 F.3d 247 (3rd Cir. 2007). ...................................................................................... 13

### STATE CASES

*Arturi v. Tiebie*, 73 N.J. Super. 217 (App. Div. 1962)...................................................... 7

*Buckley v. Trenton Saving Fund Society*, 111 N.J. 355 544 A.2d 857 (1988)................................ 8

## **FEDERAL STATUTES/COURT RULES**

Fed.R.C.P. 12(b)(6) .............................................................................................. 3

U.S.C. § 1506 ...................................................................................................... 10

U.S.C. § 1509 ...................................................................................................... 10

Fed.R.C.P. 8(a) ................................................................................................... 13

Fed.R.C.P. 12(e) ................................................................................................. 13

## **STATE STATUTES/COURT RULES**

N.J.S.A. 2A:15-5.12(a) ...................................................................................... 11

## I.    <u>STATEMENT OF FACTS</u>

On May 14, 2018, Plaintiff, Andrew K. Bonner, Jr., filed a Complaint against Defendants Justia Inc. (hereinafter, "Moving Defendant"), Marissa M. Huber, and the New Jersey Court of Appeals Clerks Office.  Plaintiff alleges that Defendants Marissa Huber and the New Jersey Court of Appeals Clerks Offices provided Moving Defendant with an opinion rendered by the Superior Court of New Jersey, Appellate Division, in the matter of *Bonner v. Cumberland Regional High School District,* Docket No. A-41330-15T1, without Plaintiff's consent and before the opinion was provided to Plaintiff.  *See* Plaintiff's Complaint (Doc. 1), attached hereto as Exhibit "A."  The opinion provides the Appellate Division's ruling that affirmed the decision of the Superior Court of New Jersey granting summary judgment in favor of the defendant, Cumberland Regional High School District, in the state court action brought by Plaintiff.  *See* Opinion, attached hereto as Exhibit "B."  Plaintiff is apparently alleging that the opinion was private and/or was his personal property, because he claims that Moving Defendant somehow stole it.

Moving Defendant is a provider of free online legal information.  Plaintiff is obviously aware of this, because he used Moving Defendant's website, www.justia.com, to access free case law that he attached as an exhibit to his Complaint in this action to support his alleged claims.  *See*  Exhibit "C."

Moving Defendant obtained the opinion from the online repository of New Jersey case law maintained by Rutgers University.[1]  The repository can be accessed by the public to obtain case law and opinions rendered by the New Jersey courts, which are a matter of public record.  Upon obtaining the opinion in question, Moving Defendant posted it on its website for the public to access for free.  The opinion was formatted to conform to Moving Defendant's website, but the substance of the opinion is identical to that found on the Rutgers' repository.  Moving Defendant did not add any commentary to the opinion, nor did it omit any substantive information from the opinion when it posted the opinion on the website.

In his Complaint, Plaintiff purports to assert claims of libel, slander, defamation of character and emotional distress against all Defendants.  Plaintiff further purportedly alleges that Defendants violated criminal statutes, 18 U.S.C. §§ 1506 and 1509.  Plaintiff also demands judgment of "at least $750,000" plus punitive damages.

Plaintiff served the Complaint upon Moving Defendant on June 18, 2018.  This Honorable Court granted Moving Defendant's request for an extension until July 30, 2018 to provide a responsive pleading to the Complaint.  Therefore, Moving Defendant timely moves to dismiss Plaintiff's Complaint.

---

[1] https://njlaw.rutgers.edu/collections/courts/search.php

2

## II.   LEGAL ARGUMENT

### A.   Standard of Review for Federal Rule of Civil Procedure 12(b)(6)

Moving Defendant is entitled to an order dismissing Plaintiff's Complaint, with prejudice, for failure to state a claim for which relief can be granted.  Fed.R.C.P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated.  *Hedges v. United States*, 404 F.3d. 744, 750 (3rd Cir. 2005).

In deciding a motion to dismiss, the Court must take all allegations in the Complaint as true and view them in the light most favorable to Plaintiff.  *Warth v. Seldin*, 422 U.S. 490, 501 (1975).  "Factual allegations must be enough to raise a right of relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009).  A complaint is properly dismissed where either: (1) it lacks a cognizable legal theory for recovery; or (2) the plaintiff alleges insufficient facts to support a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Plaintiff's Complaint fails to provide either a cognizable legal theory or sufficient facts to sustain a cause of action against Moving Defendant.  Therefore, this Court should dismiss Plaintiff's Complaint against Moving Defendant, with prejudice.

**B.**     **Plaintiff Fails to State a Claim of Libel and Defamation Against Moving Defendant.**

Plaintiff alleges that the posting of the opinion in which Plaintiff is a party by Moving Defendant on its website constitutes libel and defamation against Plaintiff.

To prevail on a libel claim, Plaintiff must prove:  (1) that Moving Defendant made a defamatory statement; (2) concerning the Plaintiff; (3) which was false; (4) which was communicated to persons other than Plaintiff; and (5) fault.  *Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186 (3d Cir. 1998).

The Court must first examine whether Moving Defendant's posting of the opinion on its website can be considered a "defamatory statement of fact" relating to Plaintiff.  Whether a statement is defamatory is a matter of law to be determined by the Court.  A defamatory statement is one that is "false and injurious to the reputation of another or exposes another person to hatred, contempt or ridicule or subjects another to a loss of the good will and confidence of others." *Mayflower Transit, LLC v. Prince*, 314 F. Supp. 2d 362, 372 (D. N.J. 2004).

The posting of the opinion by Moving Defendant on its website is not a defamatory statement of fact.  The opinion is the Appellate Division's ruling regarding Plaintiff's appeal of the Superior Court's decision granting summary judgment against Plaintiff.  There is nothing false or injurious to the reputation of Plaintiff in the opinion, which finding of the Court can be obtained by the public through various means.  Moving Defendant did not include any of its own

commentary or opinions regarding Plaintiff or the Appellate Division's ruling when it posted the opinion on its website and therefore, made no statements, let alone defamatory or false statements, about Plaintiff. The substance of the opinion on the website is identical to the opinion on the Rutgers' repository, which is the verbatim opinion issued by the Court. Further, Plaintiff would not be subject to hatred, contempt, ridicule or would lose the good will and confidence of the public if the public learned that his appeal had been denied by the Appellate Division in the underlying action brought by Plaintiff and in which the New Jersey Courts rendered decisions. This opinion was already available in the public domain before Moving Defendant posted it on its website, which caused no harm to Plaintiff. Finally, the posting of the opinion caused no injury to Plaintiff, as he voluntarily attached a copy of the opinion to his Complaint in this action, which is a public record that can be accessed by the public upon review of the Court's docket or visit to the Clerk's office. *See* Exhibit "A."

As the posting of the opinion on Moving Defendant's website does not constitute a defamatory or false statement of fact concerning Plaintiff, Plaintiff neither has stated, nor can state, a claim for libel against Moving Defendant. Further, since the posting is not considered a defamatory statement, Plaintiff's claim for defamation must also fail. Therefore, this Honorable Court should dismiss Plaintiff's claims of libel and defamation against Moving Defendant, with prejudice.

**C.**     **Plaintiff Fails to State a Claim of Slander against Moving Defendant.**

Plaintiff alleges that the posting of the opinion by Moving Defendant on its website constitutes slander of Plaintiff.

Generally, in an action for slander, special damages must be alleged and proven for a plaintiff to prevail.  Evidence of mental suffering or physical sickness, without more, is insufficient.  "There must be proof of a pecuniary loss or loss of some material advantage." *Hoagburg v. Harrah's Marina Hotel Casino*, 585 F. Supp. 1167, 1170 (D. N.J. 1984).

In his Complaint, Plaintiff vaguely alleges that, as a result of Moving Defendant posting the opinion, he sustained "extreme anxiety, depression, emotional distress and a tainted and besmirched name." *See* Exhibit "A."  These allegations alone are not sufficient to support a claim of slander.  While Plaintiff demands compensatory damages in the amount of "at least" $750,000, the Complaint contains absolutely no factual or legal basis or support for any compensatory damages, let alone $750,000, to be awarded in his favor.  Further, Plaintiff failed to aver in his Complaint that he lost any material advantage as a result of the posting of the opinion by Moving Defendant.

An exception to this general rule occurs only when the alleged defamatory statements are actionable as slander *per se*.  Defamatory statements are slanderous *per se* when they: (1) charge commission of a crime; (2) impute certain loathsome

diseases; (3) affect a person in his business, trade, profession or office; or (4) impute unchastity to a woman. *Arturi v. Tiebie*, 73 N.J. Super. 217, 222 (App. Div. 1962).

Plaintiff cannot support a claim for slander *per se*. As discussed, *supra*, the posting of the opinion by Moving Defendant on its website is not a defamatory or false statement. Even if the posting could be considered a defamatory or false statement, which Moving Defendant denies, the posting did not charge commission of a crime. The posting also did not impute certain loathsome diseases. While Plaintiff alleges that the posting affected him personally, there are no allegations that it affected his business, trade, profession or office. Finally, the posting did not impute unchastity to a woman, as Plaintiff is a male.

Therefore, for the reasons set forth above, this Honorable Court should dismiss Plaintiff's claims of slander against Moving Defendant, with prejudice.

### D.    Plaintiff Fails to State a Claim of "Emotional Distress" against Moving Defendant.

In his Complaint, Plaintiff vaguely alleges that, as a result of the posting of the opinion by Moving Defendant on its website, Plaintiff sustained "emotional distress."

Because Plaintiff failed to establish a valid cause of action to recover for emotional distress, the Court should dismiss the "claim" for "emotional distress" against Moving Defendant, with prejudice. However, even if Plaintiff can proceed with a "claim" for "emotional distress," which Moving Defendant denies, Plaintiff

failed to allege, and cannot support, a claim for either intentional or negligent infliction of emotional distress.

To state a claim for intentional infliction of emotional distress under New Jersey law, Plaintiff must demonstrate severe emotional distress resulting from conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Buckley v. Trenton Saving Fund Society*, 111 N.J. 355, 367 (1988) (citing *Restatement (Second) of Torts* § 46).

The Complaint does not demonstrate any severe emotional distress sustained by Plaintiff as a result of the posting of the opinion. Rather, the Complaint vaguely alleges that Plaintiff sustained "emotional distress." Further, Moving Defendant's conduct was not outrageous, atrocious or utterly intolerable in a civilized community.

To the contrary, Moving Defendant is a provider of free online legal information, which as discussed above, Plaintiff is aware of and uses. It obtained the opinion from the online repository of New Jersey case law maintained by Rutgers University, which is accessible to the public including Plaintiff. Moving Defendant then formatted the opinion to conform to its website, but it did not change or alter the substance of the opinion. Moving Defendant did not add any commentary to the opinion. Rather, the substance of the opinion on the website is identical to the opinion on the Rutgers repository. Therefore, Moving Defendant's mere posting of the

8

opinion is not remotely close to the actions required to support a claim of intentional infliction of emotional distress. Accordingly, to the extent the Complaint supports a claim of intentional infliction of emotional distress, which Moving Defendant denies, the Court should dismiss the claim against Moving Defendant, with prejudice.

A plaintiff can assert a claim for negligent infliction of emotional distress where "a person who is the direct object of a tortfeasor's negligence experiences severe emotional trauma as a result of the tortfeasor's negligent act or omission." *Sporn v. Ocean Colony Condo Ass'n*, 173 F. Supp. 2d 244, 254 (D. N.J. 2001). The analysis of direct claims of negligent infliction of emotional distress "involves traditional concepts of duty, breach and causation" and "determining defendant's negligence depends on whether defendant owed a duty of care to the plaintiff, which is analyzed in terms of foreseeability." *Id.*

As discussed above, the Complaint does not identify any severe emotional trauma that Plaintiff sustained. Rather, the Complaint vaguely alleges that Plaintiff sustained "emotional distress" with no further description. Further, the Complaint does not assert a claim of negligence against Moving Defendant. Even if a claim of negligence was asserted, Moving Defendant did not breach any duty it may have owed to Plaintiff. Moving Defendant did not steal the opinion from Plaintiff or the Court as alleged by Plaintiff. Rather, Moving Defendant obtained the opinion from the online repository maintained by Rutgers University, which is accessible to the public.

Moving Defendant accurately reported the opinion on its website.  It did not change or alter the substance of the opinion.  The opinion on Moving Defendant's website is identical to the opinion found on the online repository.  Therefore, as Moving Defendant did not breach any duty it may have owed to Plaintiff, to the extent that the Complaint asserts a claim of negligent infliction of emotional distress, which Moving Defendant denies, this Court should dismiss the "claim" against Moving Defendant, with prejudice.

    **E.**    **Plaintiff's Claims that Moving Defendant Violated 18 U.S.C. §§ 1506 and 1509 are Inapposite, Not Valid and Must be Dismissed.**

In his Complaint, Plaintiff alleges that the posting of the opinion by Moving Defendant on its website violated 18 U.S.C. §§ 1506 and 1509.  These are criminal statutes and have absolutely <u>no</u> bearing on Plaintiff's civil lawsuit.  No criminal charges were ever filed against Moving Defendant as a result of posting the opinion.

18 U.S.C. § 1506 involves the theft or alteration of record or process.  As discussed, *supra*, Moving Defendant did not steal the opinion.  The opinion is a public record and was contained in the online repository maintained by Rutgers University, which is accessible to the public.  Moving Defendant properly obtained the opinion from the online repository.

18 U.S.C. § 1509 involves the obstruction of Court orders, specifically preventing the performance of duties under any order or judgment of a Court of the United States.  This criminal statute has absolutely <u>no</u> relevance to this case.  Moving

Defendant did not prevent the performance of the judgment contained in the opinions by posting it on its website. Accordingly, this Court should dismiss these meritless claims against Moving Defendant, with prejudice.

### F.    Plaintiff's Complaint does Not Set Forth any Valid Causes of Action to Recover Compensatory Damages, Let Alone Punitive Damages.

In his Complaint Plaintiff purportedly asserts a claim for punitive damages pursuant to New Jersey's Punitive Damages Act. For the reasons set forth above, Plaintiff fails to set forth any valid cause of action where Plaintiff could recover compensatory damages, let alone punitive damages. Even if compensatory damages could be awarded in this matter, which Moving Defendant denies, Moving Defendant's alleged conduct does not remotely warrant the imposition of punitive damages.

New Jersey's Punitive Damages Act provides, in relevant part:

> Punitive damages may be awarded to the plaintiff only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence."

N.J. Stat. Ann. § 2A:15-5.12(a).

"An award of punitive damages by a jury serves a twofold purpose: first to punish egregious misconduct, and second, to deter the offender, and others, from repeating it." *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 219 F. Supp. 2d 600, 610 (D. N.J. 2002). The intent of the New Jersey Legislature in enacting the Punitive Damages Act was to establish more restrictive standards governing an award of punitive damages. *Id.*

Plaintiff fails to allege any facts that Moving Defendant acted with actual malice or with a wanton and willful disregard of Plaintiff when it posted the opinion on its website. Moving Defendant lawfully obtained the opinion from the online repository of New Jersey case law maintained by Rutgers University. This repository is accessible to the public. Moving Defendant then formatted the opinion to conform to its website, but it did not change or alter the substance of the opinion. Moving Defendant did not add any commentary to the opinion. The opinion on Moving Defendant's website is identical to the opinion found on the Rutgers repository. As Moving Defendant's actions do not even closely resemble negligence, let alone actual malice or a wanton and willful disregard of Plaintiff, the Court should dismiss the claim for punitive damages against Moving Defendant, with prejudice.

### G.   Motion for a More Definite Statement

Documents filed *pro se* are to be especially liberally construed, because a *pro se* litigant's pleadings, "however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Ericson v. Pardus*, 551 U.S. 89, 94 (2007). Third Circuit precedent holds that, in civil rights actions, district courts must offer amendment – irrespective of whether it is requested by a *pro se* plaintiff in response to a motion for failure to state a claim – unless doing so would be inequitable or futile. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Although any amendment by Plaintiff would be futile, which warrants the dismissal with prejudice of Plaintiff's Complaint, as an alternative to dismissing Plaintiff's Complaint, the Court may order Plaintiff to attempt to amend the Complaint to assert missing allegations of fact.

Federal Rule of Civil Procedure 8(a) states:

> Each count of a Complaint must identify the particular defendants and the particular acts they allegedly committed which give rise to the particular cause of action set forth in that count.

Additionally, Rule 12(e) of the Federal Rules of Civil Procedure states:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Plaintiff's Complaint fails to set forth any factual averments, and at best, relies upon conclusory statements in support of his purported claims against Moving Defendant. This is plainly insufficient to satisfy federal pleading requirements. Plaintiff

provides no information to Moving Defendant to aid it in the defense of the claims alleged in the current Complaint.  Plaintiff fails to state with any factual specificity which acts by Moving Defendant form the basis for his purported claims.  Accordingly, this Court should dismiss Plaintiff's Complaint, with prejudice, for failure to state a claim upon which relief may be granted.  In the alternative, this Court may order Plaintiff to re-plead with additional specificity to satisfy the notice pleading requirements set forth in Rule 8(a)(2).

## III.   **CONCLUSION** .

For all of the foregoing reasons, Defendant Justia Inc. respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint and enter the attached proposed Order dismissing the Complaint as against Moving Defendant, with prejudice.

Respectfully submitted,

LEWIS, BRISBOIS, BISGAARD & SMITH LLP

By:   */s/Eric J. Bronstein*
   Eric J. Bronstein, Esquire
   Ryan F. Michaleski, Esquire
   550 E. Swedesford Road, Suite 270
   Wayne, PA 19087

   Attorneys for Defendant
   Justia Inc.

Dated:  July 30, 2018

# EXHIBIT A

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Andrew K. Bonner Jr.

### DEFENDANTS
Marissa M. Huber, Justia.com, NJ Court of Appeals Clerks Office    Mercer County, NJ

**(b)** County of Residence of First Listed Plaintiff   Cumberland County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question *(U.S. Government Not a Party)*

☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☒ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S. Code § 1506 , 18 U.S. Code § 1509
Brief description of cause:
There was a theft of my judgment in the case Andrew K. Bonner Jr. vs Cumberland Regional High School District

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $  750,000
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE                                    DOCKET NUMBER

DATE                    SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Andrew K. Bonner Jr.

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

Marissa M. Huber

Justia.com

NJ Court of Appeals Clerkss Office

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**

Jury Trial: ☑ Yes   ☐ No

(check one)

**I.**   **Parties in this complaint:**

A.   List your name, address and telephone number.  Do the same for any additional  plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff   Name   Andrew K. Bonner Jr.
            Street Address   719 Irving Avenue
            County, City   Cumberland, Bridgeton
            State & Zip Code   New Jersey  08302
            Telephone Number   856-451-3452 , Prefered: 609-805-4878

B.    List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1

Name  Marissa M. Huber
Street Address  25 Market Street
County, City  Mercer, Trenton
State & Zip Code  New Jersey 08611

Defendant No. 2

Name  Justia.com
Street Address  25 Market Street
County, City  Mercer, Trenton
State & Zip Code  New Jersey 08677

Defendant No. 3

Name  NJ Court of Appeals Clerks Office
Street Address  25 Market Street
County, City  Mercer, Trenton
State & Zip Code  New Jersey 08677

Defendant No. 4

Name
Street Address
County, City
State & Zip Code

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case  involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal Questions          [ ] Diversity of Citizenship

[ ] U.S. Government Plaintiff   [✓] U.S. Government Defendant

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue?  The 4th Amendment of the U.S. Constitution, 18 U.S. Code § 1526, 18 U.S. Code § 1509, (June 25, 1948, ch. 645, 62 Stat. 770; Pub.L. 103-322, title XXXIII, § 330016(1)(K), Sept. 13, 1994, 108 Stat. 2147.), (Added Pub.L. 86-449, title I, § 101, May 6, 1960, 74 Stat. 86; amended Pub.L. 103-322, title XXXIII, § 330016(1)(H), Sept. 13, 1994, 108 Stat. 2147.)

C.  If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

### III.  Statement of Claim:

State as briefly as possible the facts of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.  Where did the events giving rise to your claim(s) occur? Cumberland County, NJ and Mercer County, NJ

B.  What date and approximate time did the events giving rise to your claim(s) occur? The Summer of 2017 approximately May or June.

C.  Facts: I the plaintiff Andrew K. Bonner Jr. had my judgment record of my case Andrew K. Bonner Jr. vs. Cumberland Regional Highschool District stolen for website content. My case judgment never got sent to me and I was never notified, but yet my judgment was posted on a website. This is libel, slander, defamation of character, and causing emotional distress to me.

[**What happened to you?**]

The case manager of my case Andrew K. Bonner Jr vs Cumberland Regional Highschool District is the main culprit of giving my private judgment information to the website Justia.com without my consent.

[**Who did what?**]

Marissa M. Huber, the website Justia.com and the way they get information, as well as the NJ Court of Appeals Clerks office may have been involved

[**Was anyone else involved?**]

My mother knows for a fact that I never received my judgment from my case Andrew K. Bonner Jr. vs. Cumberland Regional Highschool District, however Justia.com had my judgment in their possession.

[**Who else saw what happened?**]

3

**IV.**    **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Extreme anxiety, depression, emotional distress, a tainted and besmirched name

**V.**    **Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

I want monetary compensation in the amount of at least $750,000. Also, I believe that because the actions that are actually in violation of direct law statutes that deem them criminal in nature I believe that the New Jersey punitive damages statute of giving monetary damages up to 5 times the base compensation should be applied to my awarded amount. I also want Justia.com to remove any current website content they have about me and never post any content about me or my legal birth name ever again; cease the distressing actions and conduct.

Brief description of cause: There was a theft of my judgment in the case Andrew K. Bonner Jr. vs Cumberland Regional High School District which was facilitated by my case manager Marissa M. Huber. The theft and misuse of the judgment record is in direct violation of 2 federal law statutes  18 U.S. Code § 1506, and 18 U.S. Code § 1509. The act of giving my judgment to a website for website content also is libel, slander, and caused emotional distress to me the plaintiff Andrew K. Bonner Jr. This initial filing will also be accompanied by evidence papers put together by me the plaintiff Andrew K. Bonner Jr, and my evidence collection along with the direct rules violated against me gave me the confidence to file this suit at law.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 14 day of _____ May _____, 20 18.

Signature of Plaintiff _Andrew K. Bonner Jr._

Mailing Address _719 Irving Avenue_
_Bridgeton, New Jersey_
_08302_

Telephone Number _609-805-4878_

Fax Number *(if you have one)* _____

E-mail Address _andrewbonnjr@gmail.com_

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.

Signature of Plaintiff: _Andrew K. Bonner Jr._

**A judgment in the case Andrew K. Bonner Jr. vs. Cumberland Regional High School District was made in June of 2017 by the NJ Appellate Division. Marissa M. Huber did not send the plaintiff a copy of the judgment until April 19, 2018. The plaintiff did not know what the official judgment was until April of 2018 almost one full year after the official decision was entered because Marissa M. Huber failed to mail the plaintiff a copy of the judgment. A report was made to the NJ State Police about this. Marissa M. Huber adequately delayed the plaintiff's ability to begin the appeal process.**

18 U.S. Code § 1506 - Theft or alteration of record or process; false bail

Whoever feloniously steals, takes away, alters, falsifies, or otherwise avoids any record, writ, process, or other proceeding, in any court of the United States, whereby any judgment is reversed, made void, or does not take effect; or

Whoever acknowledges, or procures to be acknowledged in any such court, any recognizance, bail, or judgment, in the name of any other person not privy or consenting to the same—

Shall be fined under this title or imprisoned not more than five years, or both.

(June 25, 1948, ch. 645, 62 Stat. 770; Pub. L. 103–322, title XXXIII, § 330016(1)(K), Sept. 13, 1994, 108 Stat. 3.47.)

https://www.law.cornell.edu/uscode/text/18/1506

https://www.gpo.gov/fdsys/granule/USCODE-2011-title18/USCODE-2011-title18-partI-chap73-sec1506

§ 1506          TITLE 18—CRIMES AND CRIMINAL PROCEDURE          Page 362

in section 2331), imprisoned not more than 8 years, or both.

(June 25, 1948, ch. 645, 62 Stat. 770; Pub. L. 87–664, §6(a), Sept. 19, 1962, 76 Stat. 551; Pub. L. 91–452, title IX, §903, Oct. 15, 1970, 84 Stat. 947; Pub. L. 94–435, title I, §105, Sept. 30, 1976, 90 Stat. 1389; Pub. L. 97–291, §4(d), Oct. 12, 1982, 96 Stat. 1253; Pub. L. 103–322, title XXXIII, §330016(1)(K), Sept. 13, 1994, 108 Stat. 2147; Pub. L. 108–458, title VI, §6703(a), Dec. 17, 2004, 118 Stat. 3766.)

HISTORICAL AND REVISION NOTES

Based on title 18, U.S.C., 1940 ed., §241a, (Mar. 4, 1909, ch. 321, §135a, as added Jan. 13, 1940, ch. 1, 54 Stat. 13; June 8, 1945, ch. 178, §2, 59 Stat. 234).

Word "agency" was substituted for the words "independent establishment, board, commission" in two instances to eliminate any possible ambiguity as to scope of section. (See definitive section 6 of this title.)

Minor changes were made in phraseology.

REFERENCES IN TEXT

The Antitrust Civil Process Act, referred to in text, is Pub. L. 87–664, Sept. 19, 1962, 76 Stat. 548, as amended, which is classified generally to chapter 34 (§1311 et seq.) of Title 15, Commerce and Trade. For complete classification of this Act to the Code, see Short Title note set out under section 1311 of Title 15 and Tables.

AMENDMENTS

2004—Pub. L. 108–458, which directed amendment of the third undesignated paragraph of this section by substituting "be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both" for "be fined under this title or imprisoned not more than 5 years, or both", was executed by making the substitution for "be fined under this title or imprisoned not more than five years, or both", to reflect the probable intent of Congress.

1994—Pub. L. 103–322 substituted "fined under this title" for "fined not more than $5,000" in last par.

1982—Pub. L. 97–291 struck out first two paragraphs which provided, respectively, that whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavored to influence, intimidate, or impede any witness in any proceeding pending before any department or agency of the United States, or in connection with any inquiry or investigation being had by either House, or any committee of either House, or any joint committee of the Congress, and whoever injured any party or witness in his person or property on account of his attending or having attended such proceeding, inquiry, or investigation, or on account of his testifying or having testified to any matter pending therein, would be subject to the penalty set forth in the last paragraph, and in the fourth paragraph substituted "any pending" for "such" after "law under which", and substituted "any" for "such" before "department" and before "inquiry".

1976—Pub. L. 94–435 struck out "section 1968 of this title" after "Antitrust Civil Process Act", inserted "withholds, misrepresents" after "willfully", "covers up" after "conceals", "answers to written interrogatories, or oral testimony", after "any documentary material", and "or attempts to do so or solicits another to do so", after "such demand".

1970—Pub. L. 91–452 inserted reference to section 1968 of this title.

1962—Pub. L. 87–664 substituted section catchline "Obstruction of proceedings before departments, agencies, and committees" for "Influencing or injuring witness before agencies and committees" and punished the willful removal, concealment, destruction, mutilation, alteration or falsification of documents which were the subject of a demand under the Antitrust Civil Process Act if done with the intent to prevent compliance with a civil investigative demand.

EFFECTIVE DATE OF 1982 AMENDMENT

Amendment by Pub. L. 97–291 effective Oct. 12, 1982, see section 9(a) of Pub. L. 97–291, set out as an Effective Date note under section 1512 of this title.

EFFECTIVE DATE OF 1976 AMENDMENT

Amendment by Pub. L. 94–435 effective Sept. 30, 1976, see section 106 of Pub. L. 94–435, set out as a note under section 1311 of Title 15, Commerce and Trade.

§ 1506. Theft or alteration of record or process; false bail

Whoever feloniously steals, takes away, alters, falsifies, or otherwise avoids any record, writ, process, or other proceeding, in any court of the United States, whereby any judgment is reversed, made void, or does not take effect; or

Whoever acknowledges, or procures to be acknowledged in any such court, any recognizance, bail, or judgment, in the name of any other person not privy or consenting to the same—

Shall be fined under this title or imprisoned not more than five years, or both.

(June 25, 1948, ch. 645, 62 Stat. 770; Pub. L. 103–322, title XXXIII, §330016(1)(K), Sept. 13, 1994, 108 Stat. 2147.)

HISTORICAL AND REVISION NOTES

Based on title 18, U.S.C., 1940 ed., §233 (Mar. 4, 1909, ch. 321, §127, 35 Stat. 1111).

The term of imprisonment was reduced from 7 to 5 years, to conform the punishment with like ones for similar offenses. (See section 1503 of this title.)

Minor changes were made in phraseology.

AMENDMENTS

1994—Pub. L. 103–322 substituted "fined under this title" for "fined not more than $5,000" in last par.

§ 1507. Picketing or parading

Whoever, with the intent of interfering with, obstructing, or impeding the administration of justice, or with the intent of influencing any judge, juror, witness, or court officer, in the discharge of his duty, pickets or parades in or near a building housing a court of the United States, or in or near a building or residence occupied or used by such judge, juror, witness, or court officer, or with such intent uses any sound-truck or similar device or resorts to any other demonstration in or near any such building or residence, shall be fined under this title or imprisoned not more than one year, or both.

Nothing in this section shall interfere with or prevent the exercise by any court of the United States of its power to punish for contempt.

(Added Sept. 23, 1950, ch. 1024, title I, §31(a), 64 Stat. 1018; amended Pub. L. 103–322, title XXXIII, §330016(1)(K), Sept. 13, 1994, 108 Stat. 2147.)

AMENDMENTS

1994—Pub. L. 103–322 substituted "fined under this title" for "fined not more than $5,000" in first par.

§ 1508. Recording, listening to, or observing proceedings of grand or petit juries while deliberating or voting

Whoever knowingly and willfully, by any means or device whatsoever—

**A judgment in the case Andrew K. Bonner Jr. vs. Cumberland Regional High School District was made in June of 2017 by the NJ Appellate Division. Marissa M. Huber did not send the plaintiff a copy of the judgment until April 19, 2018. The plaintiff did not know what the official judgment was until April of 2018 almost one full year after the official decision was entered because Marissa M. Huber failed to mail the plaintiff a copy of the judgment. A report was made to the NJ State Police about this. Marissa M. Huber adequately delayed the plaintiff's ability to begin the appeal process.**

§ 1509. Obstruction of court orders Whoever, by threats or force, willfully prevents, obstructs, impedes, or interferes with, or willfully attempts to prevent, obstruct, impede, or interfere with, the due exercise of rights or the performance of duties under any order, judgment, or decree of a court of the United States, shall be fined under this title or imprisoned not more than one year, or both. No injunctive or other civil relief against the conduct made criminal by this section shall be denied on the ground that such conduct is a crime. (Added Pub. L. 86–449, title I, §101, May 6, 1960, 74 Stat. 86; amended Pub. L. 103–322, title XXXIII, §330016(1)(H), Sept. 13, 1994, 108 Stat. 2147.)

https://www.gpo.gov/fdsys/pkg/USCODE-2011-title18/pdf/USCODE-2011-title18-partI-chap73-sec1509.pdf

https://www.gpo.gov/fdsys/search/pagedetails.action?collectionCode=USCODE&searchPath=Title+18%2FPart+I%2FCHAPTER+73&granuleId=USCODE-2011-title18-partI-chap73-sec1506&packageId=USCODE-2011-title18&oldPath=Title+18%2FPart+I%2FCHAPTER+63&fromPageDetails=true&collapse=true&ycord=2400

(a) records, or attempts to record, the pro-
ceedings of any grand or petit jury in any
court of the United States while such jury is
deliberating or voting; or

(b) listens to or observes, or attempts to lis-
ten to or observe, the proceedings of any grand
or petit jury of which he is not a member in
any court of the United States while such jury
is deliberating or voting—

shall be fined under this title or imprisoned not
more than one year, or both.

Nothing in paragraph (a) of this section shall
be construed to prohibit the taking of notes by
a grand or petit juror in any court of the United
States in connection with and solely for the pur-
pose of assisting him in the performance of his
duties as such juror.

(Added Aug. 2, 1956, ch. 879, §1, 70 Stat. 935;
amended Pub. L. 103–322, title XXXIII,
§330016(1)(H), Sept. 13, 1994, 108 Stat. 2147; Pub.
L. 104–294, title VI, §601(f)(13), Oct. 11, 1996, 110
Stat. 3500.)

AMENDMENTS

1996—Pub. L. 104–294 realigned margins for provisions
beginning "shall be fined" and ending "one year, or
both."

1994—Pub. L. 103–322 substituted "fined under this
title" for "fined not more than $1,000" in par. following
par. (b).

§ 1509. Obstruction of court orders

Whoever, by threats or force, willfully pre-
vents, obstructs, impedes, or interferes with, or
willfully attempts to prevent, obstruct, impede,
or interfere with, the due exercise of rights or
the performance of duties under any order, judg-
ment, or decree of a court of the United States,
shall be fined under this title or imprisoned not
more than one year, or both.

No injunctive or other civil relief against the
conduct made criminal by this section shall be
denied on the ground that such conduct is a
crime.

(Added Pub. L. 86–449, title I, §101, May 6, 1960,
74 Stat. 86; amended Pub. L. 103–322, title
XXXIII, §330016(1)(H), Sept. 13, 1994, 108 Stat.
2147.)

AMENDMENTS

1994—Pub. L. 103–322 substituted "fined under this
title" for "fined not more than $1,000" in first par.

§ 1510. Obstruction of criminal investigations

(a) Whoever willfully endeavors by means of
bribery to obstruct, delay, or prevent the com-
munication of information relating to a viola-
tion of any criminal statute of the United
States by any person to a criminal investigator
shall be fined under this title, or imprisoned not
more than five years, or both.

(b)(1) Whoever, being an officer of a financial
institution, with the intent to obstruct a judi-
cial proceeding, directly or indirectly notifies
any other person about the existence or con-
tents of a subpoena for records of that financial
institution, or information that has been fur-
nished in response to that subpoena, shall be
fined under this title or imprisoned not more
than 5 years, or both.

(2) Whoever, being an officer of a financial in-
stitution, directly or indirectly notifies—

(A) a customer of that financial institution
whose records are sought by a subpoena for
records; or

(B) any other person named in that sub-
poena;

about the existence or contents of that subpoena
or information that has been furnished in re-
sponse to that subpoena, shall be fined under
this title or imprisoned not more than one year,
or both.

(3) As used in this subsection—

(A) the term "an officer of a financial insti-
tution" means an officer, director, partner,
employee, agent, or attorney of or for a finan-
cial institution; and

(B) the term "subpoena for records" means a
Federal grand jury subpoena or a Department
of Justice subpoena (issued under section 3486
of title 18), for customer records that has been
served relating to a violation of, or a conspir-
acy to violate—

(i) section 215, 656, 657, 1005, 1006, 1007, 1014,
1344, 1956, 1957, or chapter 53 of title 31; or

(ii) section 1341 or 1343 affecting a financial
institution.

(c) As used in this section, the term "criminal
investigator" means any individual duly author-
ized by a department, agency, or armed force of
the United States to conduct or engage in inves-
tigations of or prosecutions for violations of the
criminal laws of the United States.

(d)(1) Whoever—

(A) acting as, or being, an officer, director,
agent or employee of a person engaged in the
business of insurance whose activities affect
interstate commerce, or

(B) is engaged in the business of insurance
whose activities affect interstate commerce or
is involved (other than as an insured or bene-
ficiary under a policy of insurance) in a trans-
action relating to the conduct of affairs of
such a business,

with intent to obstruct a judicial proceeding, di-
rectly or indirectly notifies any other person
about the existence or contents of a subpoena
for records of that person engaged in such busi-
ness or information that has been furnished to a
Federal grand jury in response to that subpoena,
shall be fined as provided by this title or impris-
oned not more than 5 years, or both.

(2) As used in paragraph (1), the term "sub-
poena for records" means a Federal grand jury
subpoena for records that has been served relat-
ing to a violation of, or a conspiracy to violate,
section 1033 of this title.

(e) Whoever, having been notified of the appli-
cable disclosure prohibitions or confidentiality
requirements of section 2709(c)(1) of this title,
section 626(d)(1) or 627(c)(1) of the Fair Credit
Reporting Act (15 U.S.C. 1681u(d)(1) or
1681v(c)(1)), section 1114(a)(3)(A) or
1114(a)(5)(D)(i) of the Right to Financial Privacy
Act[1] (12 U.S.C. 3414(a)(3)(A) or 3414(a)(5)(D)(i)),
or section 802(b)(1) of the National Security Act
of 1947 (50 U.S.C. 436(b)(1)), knowingly and with
the intent to obstruct an investigation or judi-

[1] So in original. Probably should be followed by "of 1978".

2013 New Jersey Revised Statutes

Title 2A - ADMINISTRATION OF CIVIL AND CRIMINAL JUSTICE

Section 2A:15-5.12 - Award of punitive damages; determination

Universal Citation: NJ Rev Stat § 2A:15-5.12 (2013)

2A:15-5.12. Award of punitive damages; determination

4. a. Punitive damages may be awarded to the plaintiff only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence.

b. In determining whether punitive damages are to be awarded, the trier of fact shall consider all relevant evidence, including but not limited to, the following:

(1) The likelihood, at the relevant time, that serious harm would arise from the defendant's conduct;

(2) The defendant's awareness of reckless disregard of the likelihood that the serious harm at issue would arise from the defendant's conduct;

(3) The conduct of the defendant upon learning that its initial conduct would likely cause harm; and

(4) The duration of the conduct or any concealment of it by the defendant.

c. If the trier of fact determines that punitive damages should be awarded, the trier of fact shall then determine the amount of those damages. In making that determination, the trier of fact shall consider all relevant evidence, including, but not limited to, the following:

(1) All relevant evidence relating to the factors set forth in subsection b. of this section;

(2) The profitability of the misconduct to the defendant;

(3) When the misconduct was terminated; and

(4) The financial condition of the defendant.

L.1995,c.142,s.4.

https://law.justia.com/codes/new-jersey/2013/title-2a/section-2a-15-5.12/

The New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9, limits punitive damages to five times the amount of compensatory damages awarded or $350,000, whichever is greater, except in certain cases involving public policy and social concerns.

https://www.google.com/search?rlz=1C1PQHB_enUS656US656&q=new+jersey+punitive+damages+cap&sa=X&ved=0ahUKEwj-1_W5ts_aAhWBON8KHeiNCBkQ1QIIZigA&biw=1366&bih=662

https://www.judiciary.state.nj.us/attorneys/assets/civilcharges/8.62.doc

ftp://www.njleg.state.nj.us/20022003/S2500/2097_I1.PDF

What is also very appalling is that the plaintiff's judgment had been given to a website for website content before he had ever even officially received the judgment himself as the plaintiff and victim of the case. Andrew K. Bonner Jr. the victim and plaintiff of the case Andrew K. Bonner Jr. vs. Cumberland Regional High School District case number A-004133-15 in the New Jersey Court of Appeals had his judgment taken and given to a website for website content before he even received the judgment in the mail himself. Because of facts about the way that the internet works, I the plaintiff can state a few facts about this. Namely, I would like to say that website coding is a hard thing to do, I have tried and it is very hard. For my judgment to be on the website Justia.com before I even received the judgment means that the culprit intelligently coded into their website my judgment. Website codes are very long and arduous themselves. For my judgment to be coded into the content of the website Justia.com took some very intended and purposeful work.

https://law.justia.com/cases/new-jersey/appellate-division-unpublished/2017/a4133-15.html

To the judge's knowledge, the case had not been reported or published to any website or anywhere. Which means that it is a fact that my case judgment was published to Justia.com without the approval of the court and without the approval of any judge.

FILED, Clerk of the Appellate Division, August 02, 2017, **A-004133-15**

ORDER ON MOTION
----------------

                              SUPERIOR COURT OF NEW JERSEY
                              APPELLATE DIVISION
                              DOCKET NO.   A-004133-15T1
ANDREW K. BONNER, JR.         MOTION NO.   M-007862-16
V.                            BEFORE       PART D
CUMBERLAND REGIONAL HIGH SCHOOL   JUDGE(S):   ALLISON E. ACCURSO
DISTRICT                                      THOMAS V. MANAHAN


MOTION FILED:    07/07/2017      BY:  ANDREW BONNER

ANSWER(S)
FILED:

SUBMITTED TO COURT: July 31, 2017

                              ORDER
                              -----

     THIS MATTER HAVING BEEN DULY PRESENTED TO THE COURT, IT IS, ON THIS
1st day of August, 2017, HEREBY ORDERED AS FOLLOWS:

MOTION BY APPELLANT


MOTION TO REMOVE ANY PUBLISHED
CASE MATTER FROM THE PUBLIC RECORD       DENIED AND OTHER


SUPPLEMENTAL:

     The opinion in this matter, which remains unpublished, contains no
inappropriate personal information regarding parties or witnesses.



                              FOR THE COURT:


                              _Allison E. Accurso_
                              _____
                              ALLISON E. ACCURSO, J.A.D.

L-000860-14    CUMBERLAND
MMH

Case 3:18-cv-09187-PGS-LHG   Document 11-1   Filed 07/30/18   Page 36 of 64 PageID: 94
Case 3:18-cv-09187-PGS-LHG   Document 1-2   Filed 05/14/18   Page 9 of 24 PageID: 16
4/26/2018      ANDREW K. BONNER, JR v. CUMBERLAND REGIONAL HIGH SCHOOL DISTRICT :: 2017 :: New Jersey Superior Court, Appellate Di ...

# ANDREW K. BONNER, JR v. CUMBERLAND REGIONAL HIGH SCHOOL DISTRICT

NOT FOR PUBLICATION WITHOUT THE

APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY

APPELLATE DIVISION

DOCKET NO. A-41330-15T1

ANDREW K. BONNER, JR.,

Plaintiff-Appellant,

v.

CUMBERLAND REGIONAL HIGH

SCHOOL DISTRICT,

Defendant-Respondent.

4/26/2018   Case 3:18-cv-09187-PGS-LHG   Document 1-2   Filed 05/14/18   Page 10 of 24 PageID: 17
ANDREW K. BONNER, JR v. CUMBERLAND REGIONAL HIGH SCHOOL DISTRICT :: 2017 :: New Jersey Superior Court, Appellate Di...

June 27, 2017

Argued May 24, 2017 Decided

Before Judges Accurso and Manahan.

On appeal from Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-860-14.

Andrew K. Bonner, Jr., appellant, argued the cause pro se.

Stefani C. Schwartz argued the cause for respondent (Schwartz Simon Edelstein & Celso LLC, attorneys; Ms. Schwartz, of counsel and on the brief, Saiju George, on the brief).

PER CURIAM

Plaintiff Andrew K. Bonner, Jr. appeals the grant of summary judgment in favor of defendant Cumberland Regional School District Board of Education.1 We affirm for the reasons set forth in the comprehensive fourteen-page written opinion of Judge Darrell M. Fineman. We add only the following.

This matter arises out of alleged incidents of bullying and harassment perpetrated against plaintiff while he was a student at Cumberland Regional High School (CRHS) from September 2010 through June 2013. In 2009, CRHS adopted a "Harassment, Intimidation, and Bullying" policy (HIB) providing for the procedure for filing a complaint, the investigation process, and the punishment for violations of the HIB.2

The HIB defines "harassment, intimidation, or bullying" as

any gesture, any written, verbal or physical act, or any electronic communication, as defined in N.J.S.A. 18A:37-14, whether it be a single incident or a series of incidents that

1. Is reasonably perceived as being motivated by either any actual or perceived characteristic, such as race, color, religion, ancestry, national origin, gender, sexual orientation, gender identity and expression, or a mental, physical or sensory disability, or by any other distinguishing characteristic;

2. Takes place on school property, at any school-sponsored function, on a school bus, or off school grounds, as provided for in N.J.S.A. 18A:37-15.3;

Case 3:18-cv-09187-PGS-LHG   Document 11-1   Filed 07/30/18   Page 38 of 64 PageID: 96
4/26/2018   Case 3:18-cv-09187-PGS-LHG   Document 1-2   Filed 05/14/18   Page 11 of 24 PageID: 18
ANDREW K. BONNER, JR v. CUMBERLAND REGIONAL HIGH SCHOOL DISTRICT :: 2017 : New Jersey Superior Court, Appellate Di...

3. Substantially disrupts or interferes with the orderly operation of the school or the rights of other students; and that

a. A reasonable person should know, under the circumstances, that the act(s) will have the effect of physically or emotionally harming a student or damaging the student's property, or placing a student in reasonable fear of physical or emotional harm to his/her person or damage to his/her property; or

b. Has the effect of insulting or demeaning any student or group of students; or

c. Creates a hostile environment for the student by interfering with a student's education or by severely or pervasively causing physical or emotional harm to the student.

In accordance with the policy, plaintiff and his parents filed a HIB complaint with CRHS on November 29, 2012. The complaint alleged plaintiff was the victim of pervasive harassment by students, teachers, and coaches.

Thereafter, John Mitchell, principal of CRHS and HIB coordinator, together with Joseph Spoltore, a bullying specialist, conducted an investigation into plaintiff's complaint, which included interviews with all involved parties. On December 3, 2012, both Mitchell and Spoltore concluded plaintiff's claims were unfounded based on their inability to obtain sufficient corroborating evidence and the inconsistencies in plaintiff's recounting of the alleged predicate events. By letter dated December 10, 2012, plaintiff and his parents were advised of the HIB investigation results. Plaintiff did not appeal the findings to the New Jersey Commissioner of Education pursuant to N.J.S.A. 18A:37-15(b)(6)(e).

On October 24, 2014, plaintiff filed a complaint against defendant alleging, amongst other claims, negligence, "reckless endangerment of numerous children," violations of the HIB policy, the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -42, public transportation laws, medical privacy laws, and/or "intellectual property theft." Defendant filed an answer and an amended answer. Prior to the expiration of discovery, defendant moved for summary judgment, which was denied without prejudice. After the conclusion of discovery, defendant again moved for summary judgment. On April 11, 2016, the judge granted summary judgment in favor of defendant. This appeal followed.

Plaintiff raises the following arguments on appeal

POINT I

Case 3:18-cv-09187-PGS-LHG   Document 11-1   Filed 07/30/18   Page 39 of 64 PageID: 97
Case 3:18-cv-09187-PGS-LHG   Document 1-2   Filed 05/14/18   Page 12 of 24 PageID: 19
4/26/2018     ANDREW K. BONNER, JR v. CUMBERLAND REGIONAL HIGH SCHOOL DISTRICT :: 2017 :: New Jersey Superior Court, Appellate Di ...

[PLAINTIFF] WAS NOT AFFORDED THE OPPORTUNITY TO APPEAL THE HIB FINDING AND [DEFENDANT'S] HIB INVESTIGATION PROCESS WAS FLAWED.

POINT II

A STUDENT HAS A RIGHT TO ACHIEVE AN EDUCATION FREE OF HARASSMENT AND [PLAINTIFF'S] CLAIMS AS OUTLINED CONSTITUTE HIB UNDER THE NJLAD.

POINT III

DISCLOSURE OF [PLAINTIFF'S] MEDICAL INFORMATION WAS IN VIOLATION OF FERPA.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Nicholas v. Mynster, 213 N.J. 463, 477-78 (2013). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)).

Thus, we consider, as the judge did, whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Ibid. (quoting Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540 (1995)). If there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007), certif. denied, 195 N.J. 419 (2008). We accord no deference to the trial judge's conclusions on issues of law and review issues of law de novo. Nicholas, supra, 213 N.J. at 478.

Having considered appellant's arguments in light of the discovery record, our standard of review and the controlling law, we find them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.


1 Defendant was improperly pled as Cumberland Regional High School District.

2 The policy was revised in 2011, and again in 2014.

Applying 18 U.S. Code 1506, there was a theft of my judgment record. That is also how it was reported to the New Jersey State Police, as a theft of the judgment record.

Applying 18 U.S. Code 1509, there was an obstruction of the judgment. And quoting the statute, "No injunctive or other civil relief against the conduct made criminal by this section shall be denied on the ground that such conduct is a crime."

https://www.gpo.gov/fdsys/pkg/USCODE-2011-title18/pdf/USCODE-2011-title18-partI-chap73-sec1506.pdf

https://www.gpo.gov/fdsys/pkg/USCODE-2011-title18/pdf/USCODE-2011-title18-partI-chap73-sec1509.pdf



§ 1506                    TITLE 18—CRIMES AND CRIMINAL PROCEDURE                    Page 362

in section 2331), imprisoned not more than 8 years, or both.

(June 25, 1948, ch. 645, 62 Stat. 770; Pub. L. 87–664, § 6(a), Sept. 19, 1962, 76 Stat. 551; Pub. L. 91–452, title IX, § 903, Oct. 15, 1970, 84 Stat. 947; Pub. L. 94–435, title I, § 105, Sept. 30, 1976, 90 Stat. 1389; Pub. L. 97–291, § 4(d), Oct. 12, 1982, 96 Stat. 1253; Pub. L. 103–322, title XXXIII, § 330016(1)(K), Sept. 13, 1994, 108 Stat. 2147; Pub. L. 108–458, title VI, § 6703(a), Dec. 17, 2004, 118 Stat. 3766.)

HISTORICAL AND REVISION NOTES

Based on title 18, U.S.C., 1940 ed., § 241a. (Mar. 4, 1909, ch. 321, § 135a, as added Jan. 13, 1940, ch. 1, 54 Stat. 13; June 8, 1945, ch. 178, § 2, 59 Stat. 234).

Word "agency" was substituted for the words "independent establishment, board, commission" in two instances to eliminate any possible ambiguity as to scope of section. (See definitive section 6 of this title.)

Minor changes were made in phraseology.

REFERENCES IN TEXT

The Antitrust Civil Process Act, referred to in text, is Pub. L. 87–664, Sept. 19, 1962, 76 Stat. 548, as amended, which is classified generally to chapter 34 (§ 1311 et seq.) of Title 15, Commerce and Trade. For complete classification of this Act to the Code, see Short Title note set out under section 1311 of Title 15 and Tables.

AMENDMENTS

2004—Pub. L. 108–458, which directed amendment of the third undesignated paragraph of this section by substituting "be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both" for "be fined under this title or imprisoned not more than 5 years, or both", was executed by making the substitution for "be fined under this title or imprisoned not more than five years, or both", to reflect the probable intent of Congress.

1994—Pub. L. 103–322 substituted "fined under this title" for "fined not more than $5,000" in last par.

1982—Pub. L. 97–291 struck out first two paragraphs which provided, respectively, that whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavored to influence, intimidate, or impede any witness in any proceeding pending before any department or agency of the United States, or in connection with any inquiry or investigation being had by either House, or any committee of either House, or any joint committee of the Congress, and whoever injured any party or witness in his person or property on account of his attending or having attended such proceeding, inquiry, or investigation, or on account of his testifying or having testified to any matter pending therein, would be subject to the penalty set forth in the last paragraph, and in the fourth paragraph substituted "any pending" for "such" after "law under which", and substituted "any" for "such" before "department" and before "inquiry".

1976—Pub. L. 94–435 struck out "section 1968 of this title" after "Antitrust Civil Process Act", inserted "withholds, misrepresents" after "willfully", "covers up" after "conceals", "answers to written interrogatories, or oral testimony" after "any documentary material", and "or attempts to do so or solicits another to do so" after "such demand".

1970—Pub. L. 91–452 inserted reference to section 1968 of this title.

1962—Pub. L. 87–664 substituted section catchline "Obstruction of proceedings before departments, agencies, and committees" for "Influencing or injuring witness before agencies and committees" and punished the willful removal, concealment, destruction, mutilation, alteration or falsification of documents which were the subject of a demand under the Antitrust Civil Process

Act if done with the intent to prevent compliance with a civil investigative demand.

EFFECTIVE DATE OF 1982 AMENDMENT

Amendment by Pub. L. 97–291 effective Oct. 12, 1982, see section 9(a) of Pub. L. 97–291, set out as an Effective Date note under section 1512 of this title.

EFFECTIVE DATE OF 1976 AMENDMENT

Amendment by Pub. L. 94–435 effective Sept. 30, 1976, see section 106 of Pub. L. 94–435, set out as a note under section 1311 of Title 15, Commerce and Trade.

§ 1506. Theft or alteration of record or process; false bail

Whoever feloniously steals, takes away, alters, falsifies, or otherwise avoids any record, writ, process, or other proceeding, in any court of the United States, whereby any judgment is reversed, made void, or does not take effect; or

Whoever acknowledges, or procures to be acknowledged in any such court, any recognizance, bail, or judgment, in the name of any other person not privy or consenting to the same—

Shall be fined under this title or imprisoned not more than five years, or both.

(June 25, 1948, ch. 645, 62 Stat. 770; Pub. L. 103–322, title XXXIII, § 330016(1)(K), Sept. 13, 1994, 108 Stat. 2147.)

HISTORICAL AND REVISION NOTES

Based on title 18, U.S.C., 1940 ed., § 233 (Mar. 4, 1909, ch. 321, § 127, 35 Stat. 1111).

The term of imprisonment was reduced from 7 to 5 years, to conform the punishment with like ones for similar offenses. (See section 1503 of this title.)

Minor changes were made in phraseology.

AMENDMENTS

1994—Pub. L. 103–322 substituted "fined under this title" for "fined not more than $5,000" in last par.

§ 1507. Picketing or parading

Whoever, with the intent of interfering with, obstructing, or impeding the administration of justice, or with the intent of influencing any judge, juror, witness, or court officer, in the discharge of his duty, pickets or parades in or near a building housing a court of the United States, or in or near a building or residence occupied or used by such judge, juror, witness, or court officer, or with such intent uses any sound-truck or similar device or resorts to any other demonstration in or near any such building or residence, shall be fined under this title or imprisoned not more than one year, or both.

Nothing in this section shall interfere with or prevent the exercise by any court of the United States of its power to punish for contempt.

(Added Sept. 23, 1950, ch. 1024, title I, § 31(a), 64 Stat. 1018; amended Pub. L. 103–322, title XXXIII, § 330016(1)(K), Sept. 13, 1994, 108 Stat. 2147.)

AMENDMENTS

1994—Pub. L. 103–322 substituted "fined under this title" for "fined not more than $5,000" in first par.

§ 1508. Recording, listening to, or observing proceedings of grand or petit juries while deliberating or voting

Whoever knowingly and willfully, by any means or device whatsoever—

(a) records, or attempts to record, the proceedings of any grand or petit jury in any court of the United States while such jury is deliberating or voting; or

(b) listens to or observes, or attempts to listen to or observe, the proceedings of any grand or petit jury of which he is not a member in any court of the United States while such jury is deliberating or voting—

shall be fined under this title or imprisoned not more than one year, or both.

Nothing in paragraph (a) of this section shall be construed to prohibit the taking of notes by a grand or petit juror in any court of the United States in connection with and solely for the purpose of assisting him in the performance of his duties as such juror.

(Added Aug. 2, 1956, ch. 879, § 1, 70 Stat. 935; amended Pub. L. 103–322, title XXXIII, § 330016(1)(H), Sept. 13, 1994, 108 Stat. 2147; Pub. L. 104–294, title VI, § 601(f)(13), Oct. 11, 1996, 110 Stat. 3500.)

### AMENDMENTS

1996—Pub. L. 104–294 realigned margins for provisions beginning "shall be fined" and ending "one year, or both."

1994—Pub. L. 103–322 substituted "fined under this title" for "fined not more than $1,000" in par. following par. (b).

### § 1509. Obstruction of court orders

Whoever, by threats or force, willfully prevents, obstructs, impedes, or interferes with, or willfully attempts to prevent, obstruct, impede, or interfere with, the due exercise of rights or the performance of duties under any order, judgment, or decree of a court of the United States, shall be fined under this title or imprisoned not more than one year, or both.

No injunctive or other civil relief against the conduct made criminal by this section shall be denied on the ground that such conduct is a crime.

(Added Pub. L. 86–449, title I, § 101, May 6, 1960, 74 Stat. 86; amended Pub. L. 103–322, title XXXIII, § 330016(1)(H), Sept. 13, 1994, 108 Stat. 2147.)

### AMENDMENTS

1994—Pub. L. 103–322 substituted "fined under this title" for "fined not more than $1,000" in first par.

### § 1510. Obstruction of criminal investigations

(a) Whoever willfully endeavors by means of bribery to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator shall be fined under this title, or imprisoned not more than five years, or both.

(b)(1) Whoever, being an officer of a financial institution, with the intent to obstruct a judicial proceeding, directly or indirectly notifies any other person about the existence or contents of a subpoena for records of that financial institution, or information that has been furnished in response to that subpoena, shall be fined under this title or imprisoned not more than 5 years, or both.

(2) Whoever, being an officer of a financial institution, directly or indirectly notifies—

(A) a customer of that financial institution whose records are sought by a subpoena for records; or

(B) any other person named in that subpoena;

about the existence or contents of that subpoena or information that has been furnished in response to that subpoena, shall be fined under this title or imprisoned not more than one year, or both.

(3) As used in this subsection—

(A) the term "an officer of a financial institution" means an officer, director, partner, employee, agent, or attorney of or for a financial institution; and

(B) the term "subpoena for records" means a Federal grand jury subpoena or a Department of Justice subpoena (issued under section 3486 of title 18), for customer records that has been served relating to a violation of, or a conspiracy to violate—

(i) section 215, 656, 657, 1005, 1006, 1007, 1014, 1344, 1956, 1957, or chapter 53 of title 31; or

(ii) section 1341 or 1343 affecting a financial institution.

(c) As used in this section, the term "criminal investigator" means any individual duly authorized by a department, agency, or armed force of the United States to conduct or engage in investigations of or prosecutions for violations of the criminal laws of the United States.

(d)(1) Whoever—

(A) acting as, or being, an officer, director, agent or employee of a person engaged in the business of insurance whose activities affect interstate commerce, or

(B) is engaged in the business of insurance whose activities affect interstate commerce or is involved (other than as an insured or beneficiary under a policy of insurance) in a transaction relating to the conduct of affairs of such a business,

with intent to obstruct a judicial proceeding, directly or indirectly notifies any other person about the existence or contents of a subpoena for records of that person engaged in such business or information that has been furnished to a Federal grand jury in response to that subpoena, shall be fined as provided by this title or imprisoned not more than 5 years, or both.

(2) As used in paragraph (1), the term "subpoena for records" means a Federal grand jury subpoena for records that has been served relating to a violation of, or a conspiracy to violate, section 1033 of this title.

(e) Whoever, having been notified of the applicable disclosure prohibitions or confidentiality requirements of section 2709(c)(1) of this title, section 626(d)(1) or 627(c)(1) of the Fair Credit Reporting Act (15 U.S.C. 1681u(d)(1) or 1681v(c)(1)), section 1114(a)(3)(A) or 1114(a)(5)(D)(i) of the Right to Financial Privacy Act[1] (12 U.S.C. 3414(a)(3)(A) or 3414(a)(5)(D)(i)), or section 802(b)(1) of the National Security Act of 1947 (50 U.S.C. 436(b)(1)), knowingly and with the intent to obstruct an investigation or judi-

---

[1] So in original. Probably should be followed by "of 1978".

Case 3:18-cv-09187-PGS-LHG   Document 1-3   Filed 05/14/18   Page 17 of 24 PageID: 24
eCourts Appellate-Document = ANDREW K. BONNER, JR. V. CUMBERLAND REGIONAL HIGH SCHOOL DISTRICT - bonnerand6@students.rowan.edu - Rowan University Mail

4/22/2018

Google Apps

Mail

Inbox (55)
Starred
Important
Sent Mail
Drafts (11)
More labels

Andrew

No recent chats
Start a new one

More

10 of **4,544**

eCourts Appellate-Document = ANDREW K. BONNER, JR. V. CUMBERLAND REGIONAL HIGH SCHOOL DISTRICT

Apr 19 (3 days ago)

njedatanotices.mailbox@judiciary.state.nj.us
to

Attached is a document from the Appellate Division Clerk's Office on the case below.

Caption: ANDREW K. BONNER, JR. V. CUMBERLAND REGIONAL HIGH SCHOOL DISTRICT
Docket #s: (Appeal &/or Trial Court) A-004133-15
Filing Party: ANDREW BONNER
Case manager: MARISSA M HUBER
Phone number: 609-815-2950
Document Type: ORDER/ORDER REGULAR OPINION/ORDER

Comments:

To view the document, please see attached file.

Please do not reply to this message. This email is an automated notification, which is unable to receive replies. We are happy to help you with any questions or concerns you may have. Please contact the case manager listed in your notice of docketing.

**4 Attachments**

ORDER (DENIED)          REGULAR OPINI...          ORDER (GRANT...          ORDER (DENIED).

4/22/2018   Inbox (55) - andersstudent@gmail.com - Rowan University Mail

Google Apps

Mail

1–50 of 4,544

| | From | | |
|---|---|---|---|
| Inbox (55) | De Varn, Lawrence | Revised study questions for the final exam - Please use the following revised study questions for the final exam. These are more th... | 8:12 pm |
| Starred | Stephen Fleming, Assi... (2) | Midnight Finals Breakfast for CHSS Students—Mark your Calendars! - The CHSS Student Advisory Council is sponsoring a Midnight | 5:10 pm |
| Important | Rowan Announcer | Rowan Daily Mail - Students - APRIL 22, 2018 - Rowan Daily Mail - Students April 22, 2018 Official Orientations for Fulbright (and ot | 6:13 am |
| Sent Mail | Rowan Announcer | Rowan Daily Mail - Students - APRIL 21, 2018 - Rowan Daily Mail - Students April 21, 2018 Social and Cultural Events Asian Extrav | Apr 21 |
| Drafts (11) | Rowan Announcer | Rowan Daily Mail - Students - APRIL 20, 2018 - Rowan Daily Mail - Students April 20, 2018 Official 2018 STEM Symposium *** TOE | Apr 20 |
| More labels | Rowan Announcer | *** EXTRA EDITION Rowan Daily Mail *** - STUDENTS - APRIL 20, 2018 - *** Rowan Daily Mail - Students *** *** EXTRA EDITION | Apr 20 |
| | Kusse, Charles Leo | ProfTalks: Impacts - Our Last ProfTalk of the Semester! - Good afternoon! Come check out our final ProfTalk event of the year! As al | Apr 19 |
| ● Andrew | me, Fergus (3) | Quiz 12 didn't notify as a "best posted" - Awesome On Thu, Apr 19, 2018 at 5:20 PM Fergus, Raney S <fergus@rowan.edu> wrote | Apr 19 |
| | Stephen Fleming, Assi... (2) | Midnight Finals Breakfast for CHSS Students—Mark your Calendars! - The CHSS Student Advisory Council is sponsoring a Midnight | Apr 19 |
| | njecalandreas.mailore@... | eCourts Appellate-Document - ANDREW K. BONNER JR. V. CUMBERLAND REGIONAL HIGH SCHOOL D... - Attached is a docu | Apr 19 |
| | Rowan Announcer | Rowan Daily Mail - Students - APRIL 19, 2018 - Rowan Daily Mail - Students April 19, 2018 Official Managing Finals Deadline to use | Apr 19 |
| | Rowan Announcer | *** EXTRA EDITION Rowan Daily Mail *** - STUDENTS - APRIL 19, 2018 - *** Rowan Daily Mail - Students *** *** EXTRA EDITION | Apr 19 |
| No recent chats | Blake, Connie L. | Sign up now for summer classes! - Connie Blake, Ph.D. Associate Dean  College of Humanities and Social Sciences Bunce Hall 5 | Apr 18 |
| Start a new one | Rowan University | Final Papers Looming? Take a Long N.A.P. - Join us in the Writing Center tonight for our 3rd annual Long Night Against Procrastinat | Apr 18 |

https://mail.google.com/mail/u/0/#inbox

4/22/2018

Inbox (55) - bonneral@students.rowan.edu - Rowan University Mail

## Google Apps

Mail

1–50 of 4,544

| Sender | More | Subject | Date |
|---|---|---|---|
| | De Varo, Lawrence | Revised study questions for the final exam - Please use the following, revised study questions for the final exam - These are more ta... | 8:32 a |
| Inbox (55) | Stephen Fleming, Assi... (2) | Midnight Finals Breakfast for CHSS Students–Mark your Calendars! - The CHSS Student Advisory Council is sponsoring a Midnight | 5:10 |
| Starred | Rowan Announcer | Rowan Daily Mail - Students - APRIL 22, 2018 - Rowan Daily Mail - Students April 22, 2018 Official Orientations for Fulbright (and ot | 6:1? |
| Important | Rowan Announcer | Rowan Daily Mail - Students - APRIL 21, 2018 - Rowan Daily Mail - Students April 21, 2018 Social and Cultural Events Asian Extrav | Ap |
| Sent Mail | Rowan Announcer | Rowan Daily Mail - Students - APRIL 20, 2018 - Rowan Daily Mail - Students April 20, 2018 Official 2018 STEM Symposium *** TOL | Ap |
| Drafts (11) | Rowan Announcer | *** EXTRA EDITION Rowan Daily Mail *** - STUDENTS - APRIL 20, 2018 - *** Rowan Daily Mail - Students **** *** EXTRA EDITION | Ap |
| Marc Islands | Kuski, Charles Lco | ProfTalks Impacts - Our Last ProfTalk of the Semester! - Good afternoon Come check out our final ProfTalk event of the year! As al | Ap |
| ● Andrew | me, Fergus (3) | Quiz 12 didn't notify as a "test posted" - Awesome On Thu, Apr 19, 2018 at 5:20 PM, Fergus, Robby S <fergus@rowan.edu> wrote | Ap |
| | Stephen Fleming, Assi... (2) | Midnight Finals Breakfast for CHSS Students–Mark your Calendars! - The CHSS Student Advisory Council is sponsoring a Midnight | Ap |
| | nyedalnotices.mailbox@... | eCourts Appellate-Document = ANDREW K. BONNER, JR. v. CUMBERLAND REGIONAL HIGH SCHOOL D... - Attached is a docu | Ap |
| No recent chats | Rowan Announcer | Rowan Daily Mail - Students - APRIL 19, 2018 - Rowan Daily Mail - Students April 19, 2018 Official Managing Finals Deadline to usi | Ap |
| Start a new one | Rowan Announcer | *** EXTRA EDITION Rowan Daily Mail *** - STUDENTS - APRIL 19, 2018 - *** Rowan Daily Mail - Students **** *** EXTRA EDITION | Ap |
| | Blake, Corinne L. | Sign up now for summer classes! - Corinne Blake, Ph.D. Associate Dean, College of Humanities and Social Sciences Bunce Hall, S | Ap |
| | Rowan University | Final Papers Learning? Take a Long N.A.P. - Join us in the Writing Center tonight for our 3rd annual Long Night Against Procrastinat | Ap |

# SENATE, No. 2097

# STATE OF NEW JERSEY

## 210th LEGISLATURE

INTRODUCED NOVEMBER 18, 2002

**Sponsored by:**
**Senator JOHN J. MATHEUSSEN**
**District 4 (Camden and Gloucester)**
**Senator JOHN H. ADLER**
**District 6 (Camden)**

**SYNOPSIS**
    Removes limitation on punitive damages awards in civil actions arising from convictions for murder, aggravated manslaughter or manslaughter.

**CURRENT VERSION OF TEXT**
    As introduced.

S2097 MATHEUSSEN, ADLER
2

1  AN ACT concerning punitive damages and amending P.L.1995, c.142.
2
3    BE IT ENACTED by the Senate and General Assembly of the State
4  of New Jersey:
5
6    1. Section 6 of P.L.1995, c.142 (C.2A:15-5.14) is amended to read
7  as follows:
8    6. a. Before entering judgment for an award of punitive damages,
9  the trial judge shall ascertain that the award is reasonable in its amount
10 and justified in the circumstances of the case, in light of the purpose
11 to punish the defendant and to deter that defendant from repeating
12 such conduct. If necessary to satisfy the requirements of this section,
13 the judge may reduce the amount of or eliminate the award of punitive
14 damages.
15   b. No defendant shall be liable for punitive damages in any action
16 in an amount in excess of five times the liability of that defendant for
17 compensatory damages or $350,000, whichever is greater.
18   c. The provisions of subsection b. of this section shall not apply to
19 causes of action brought pursuant to P.L.1993, c.137 (C.2A:53A-21
20 et seq.), P.L.1945, c.169 (C.10:5-1 et seq.), P.L.1989, c.303
21 (C.26:5C-5 et seq.) or P.L.1992, c.109 (C.2A:61B-1), or in cases in
22 which a defendant has been convicted pursuant to N.J.S.2C:11-3,
23 N.J.S.2C:11-4, R.S.39:4-50 or section 2 of P.L.1981, c.512
24 (C.39:4-50.4a) or the equivalent under the laws of any other
25 jurisdiction.
26 (cf: P.L.1995,c.142,s.6)
27
28   2. This act shall take effect immediately.
29
30
31           STATEMENT
32
33   Under the "Punitive Damages Act," P.L.1995, c.142 (C.2A:15-5.9
34 et seq.), punitive damages in civil actions are "capped," with certain
35 exceptions. The statute provides that generally punitive damages
36 cannot exceed an amount in excess of five times the liability of the
37 defendant for compensatory damages or $350,000, whichever is
38 greater.
39   However, the caps on punitive damages do not apply under current
40 law to the following causes of action: N.J.S.A.2A:53A-21 et seq. (bias
41 crime victims); N.J.S.A.10:5-1 et seq. (Law Against Discrimination);
42 N.J.S.A.26:5C-5 et seq (confidentiality of AIDS and HIV records);
43 or N.J.S.A.2A:61B-1 (child sexual abuse), or in cases in which a

EXPLANATION - Matter enclosed in bold-faced brackets [thus] in the above bill is not
enacted and is intended to be omitted in the law.

Matter underlined thus is new matter.

**S2097** MATHEUSSEN, ADLER
3

1    defendant has been convicted pursuant to N.J.S.A.39:4-50 (drunk
2    driving) or N.J.S.A.39:4-50.4a (license revocation for refusal to
3    submit to a breath test). This bill would add causes of action arising
4    from the crimes of murder, aggravated manslaughter or manslaughter
5    to the list of exceptions from the caps on punitive damages.

Case 3:18-cv-09187-PGS-LHG   Document 11-1   Filed 07/30/18   Page 50 of 64 PageID: 108
Case 3:18-cv-09187-PGS-LHG   Document 1-2   Filed 05/14/18   Page 23 of 24 PageID: 30
28 U.S. Code § 4101 - Definitions | US Law | LII / Legal Information Institute                    Page 1 of 2

Cornell Law School

U.S. Code › Title 28 › Part VI › Chapter 181 › § 4101

# 28 U.S. Code § 4101 - Definitions

In this chapter:

**(1) DEFAMATION.—**
The term "defamation" means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person.

**(2) DOMESTIC COURT.—**
The term "domestic court" means a Federal court or a court of any State.

**(3) FOREIGN COURT.—**
The term "foreign court" means a court, administrative body, or other tribunal of a foreign country.

**(4) FOREIGN JUDGMENT.—**
The term "foreign judgment" means a final judgment rendered by a foreign court.

**(5) STATE.—**
The term "State" means each of the several States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

**(6) UNITED STATES PERSON.—**The term "United States person" means—

    **(A)** a United States citizen;

    **(B)** an alien lawfully admitted for permanent residence to the United States;

    **(C)** an alien lawfully residing in the United States at the time that the speech that is the subject of the foreign defamation action was researched, prepared, or disseminated; or

    **(D)** a business entity incorporated in, or with its primary location or place of operation in, the United States.

(Added Pub. L. 111–223, § 3(a), Aug. 10, 2010, 124 Stat. 2381.)

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

1  **Download this to PDF - PDF Download**     To View PDF. Download Here  ⟩

2  **PDF Converter - PDF To Word**     Convert From Doc to PDF. PDF to Doc. Get PDF Pro 100 Today!  ⟩

3  **Talk to an Attorney Now**     Present Your Case - Free & Secure. Lawyers Respond Fast.  ⟩

About LII

Contact us

Advertise here

Help

Terms of use

Privacy

Page 1 of 5

AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

# UNITED STATES DISTRICT COURT
## for the

Andrew K. Bonner Jr.                    )
*Plaintiff Petitioner*                  )
                                        )        Civil Action No.
Marissa M. Huber                        )
*Defendant Respondent*                  )

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Long Form)

| Affidavit in Support of the Application | Instructions |
|---|---|
| I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims. | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |

Signed: *Andrew K. Bonner Jr.*   Date: *May 14, 2018*

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly income amount during the past 12 months | | Income amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ N/A | $ 0 | $ N/A |
| Self-employment | $ 0 | $ N/A | $ 0 | $ N/A |
| Income from real property *(such as rental income)* | $ 0 | $ N/A | $ 0 | $ N/A |
| Interest and dividends | $ 0 | $ N/A | $ 0 | $ N/A |
| *Gifts* | $ 0 | $ N/A | $ 0 | $ N/A |
| Alimony | $ 0 | $ N/A | $ 0 | $ N/A |
| Child support | $ 0 | $ N/A | $ 0 | $ N/A |

Page 2 of 5

AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

| | | | | |
|---|---|---|---|---|
| Retirement *(such as social security, pensions, annuities, insurance)* | $ 0 | $ N/A | $ 0 | $ N/A |
| Disability *(such as social security, insurance payments)* | $ 534.00 | $ N/A | $ 534 | $ N/A |
| Unemployment payments | $ 0 | $ N/A | $ 0 | $ N/A |
| Public-assistance *(such as welfare)* | $ 0 | $ N/A | $ 0 | $ N/A |
| Other *(specify)*: | $ 0 | $ N/A | $ 0 | $ N/A |
| **Total monthly income:** | $ 534.00  0.00 | $ 0  0.00 | $ 534  0.00 | $ 0  0.00 |

2.    List your employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| N/A | 0 | 0 | $ 0 |
| N/A | 0 | 0 | $ 0 |

3.    List your spouse's employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | $ N/A |
| N/A | N/A | N/A | $ N/A |

4.    How much cash do you and your spouse have? $ 0

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| N/A | 0 | $ 0 | $ 0 |
| | | $ | $ |
| | | $ | $ |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts.  If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

Page 3 of 5

AO 239 (Rev 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

5.    List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary
      household furnishings.

| Assets owned by you or your spouse | | |
|---|---|---|
| Home *(Value)* | $ | |
| Other real estate *(Value)* | $ | |
| Motor vehicle #1 *(Value)* | $ | |
| Make and year: | | |
| Model: | | |
| Registration #: | | |
| Motor vehicle #2 *(Value)* | $ | |
| Make and year: | | |
| Model: | | |
| Registration #: | | |
| Other assets *(Value)* | $ | |
| Other assets *(Value)* | $ | |

6.    State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | $ | $ N/A |
| | $ | $ N/A |
| | $ | $ N/A |

7.    State the persons who rely on you or your spouse for support.

| Name (or, if under 18, initials only) | Relationship | Age |
|---|---|---|
| N/A | | |
| N/A | | |
| N/A | | |

Page 4 of 5

AO 239 (Rev 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

8.    Estimate the average monthly expenses of you and your family.  Show separately the amounts paid by your
      spouse.  Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the
      monthly rate.

| | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment *(including lot rented for mobile home)*<br>      Are real estate taxes included?   ☐ Yes  ☑ No<br>      Is property insurance included?  ☐ Yes  ☑ No | $ 0 | $ N/A |
| Utilities *(electricity, heating fuel, water, sewer, and telephone)* | $ 100 | $ N/A |
| Home maintenance *(repairs and upkeep)* | $ 0 | $ N/A |
| Food | $ 150 | $ N/A |
| Clothing | $ 20 | $ N/A |
| Laundry and dry-cleaning | $ 0 | $ N/A |
| Medical and dental expenses | $ 300 | $ N/A |
| Transportation *(not including motor vehicle payments)* | $ 150 | $ N/A |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0 | $ N/A |
| Insurance *(not deducted from wages or included in mortgage payments)* | | N/A |
|     Homeowner's or renter's: | $ 300 | $ N/A |
|     Life: | $ 300 | $ N/A |
|     Health: | $ 300 | $ N/A |
|     Motor vehicle: | $ 300 | $ N/A |
|     Other: | $ 0 | $ N/A |
| Taxes *(not deducted from wages or included in mortgage payments) (specify):* | $ | $ N/A |
| Installment payments | | |
|     Motor vehicle: | $ 0 | $ N/A |
|     Credit card *(name)*: | $ 0 | $ N/A |
|     Department store *(name)*: | $ 0 | $ N/A |
|     Other: | $ 0 | $ N/A |
| Alimony, maintenance, and support paid to others | $ 0 | $ N/A |

Page 5 of 5

AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

| | | |
|---|---|---|
| Regular expenses for operation of business, profession, or farm *(attach detailed statement)* | $   0 | $   N/A |
| Other *(specify)*: | $   0 | $   N/A |
| **Total monthly expenses:** | $   1920   0.00 | $   0   0.00 |

9.   Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

☐ Yes   ☑ No       If yes, describe on an attached sheet.

10.   Have you spent — or will you be spending — any money for expenses or attorney fees in conjunction with this lawsuit?   ☐ Yes   ☑ No

If yes, how much?   $ _____

11.   Provide any other information that will help explain why you cannot pay the costs of these proceedings.

I am a college student who only gets Social Security income. With my SSI I pay for gas, food, and other things as well as lend chump change if my parents need it. I can't get any loans because of college debt. I can't get credit because of college debt. I am a poor student.

12.   Identify the city and state of your legal residence.

Bridgeton, New Jersey

Your daytime phone number:   609-805-4878

Your age:   22   Your years of schooling:   PreK - 12th grade
4 years of college

AO 240A  (Rev. 01/09; NJ 06/17)  Order to Proceed Without Prepaying Fees or Costs

# UNITED STATES DISTRICT COURT
for the
## DISTRICT OF NEW JERSEY

ANDREW K. BONNER, JR.

Plaintiff(s),

v.

MARISSA M. HUBER et al

Defendant(s).

ORDER ON APPLICATION
TO PROCEED WITHOUT
PREPAYMENT OF FEES

Civil Action No.  3:18-cv-9187

Having considered the application to proceed without prepayment of fees under 28 U.S.C. §1915, **IT IS ORDERED** the application is:

☐     **GRANTED**, and

☐     The clerk is ordered to file the complaint,

☐     **IT IS FURTHER ORDERED**, the clerk issue a summons and the U.S. Marshal serve a copy of the complaint, summons and this order upon the defendant(s) as directed by the plaintiff(s).  All costs of service shall be advanced by the United States.

☐     **DENIED**, for the following reasons:

☐     **IT IS FURTHER ORDERED**, the clerk is ordered to close the file.  Plaintiff(s) may submit payment in the amount of **$400** within **14** days from the date of this order to reopen the case without further action from the Court.

ENTERED this     day of      , 2018    s/_____

Signature of Judicial Officer

Peter G. Sheridan, USDJ

Name and Title of Judicial Officer

# EXHIBIT B

Case 3:18-cv-09187-PGS-LHG   Document 11-1   Filed 07/30/18   Page 59 of 64 PageID: 117
Case 3:18-cv-09187-PGS-LHG   Document 1-2   Filed 05/14/18   Page 9 of 24 PageID: 16
4/26/2018   ANDREW K. BONNER, JR v. CUMBERLAND REGIONAL HIGH SCHOOL DISTRICT :: 2017 :: New Jersey Superior Court, Appellate Di…

# ANDREW K. BONNER, JR v. CUMBERLAND REGIONAL HIGH SCHOOL DISTRICT

NOT FOR PUBLICATION WITHOUT THE

APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY

APPELLATE DIVISION

DOCKET NO. A-41330-15T1

ANDREW K. BONNER, JR.,

Plaintiff-Appellant,

v.

CUMBERLAND REGIONAL HIGH

SCHOOL DISTRICT,

Defendant-Respondent.

4/26/2018   Case 3:18-cv-09187-PGS-LHG   Document 1-2   Filed 05/14/18   Page 10 of 24 PageID: 17
ANDREW K. BONNER, JR v. CUMBERLAND REGIONAL HIGH SCHOOL DISTRICT :: 2017 :: New Jersey Superior Court, Appellate Di...

June 27, 2017

Argued May 24, 2017 Decided

Before Judges Accurso and Manahan.

On appeal from Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-860-14.

Andrew K. Bonner, Jr., appellant, argued the cause pro se.

Stefani C. Schwartz argued the cause for respondent (Schwartz Simon Edelstein & Celso LLC, attorneys; Ms. Schwartz, of counsel and on the brief, Saiju George, on the brief).

PER CURIAM

Plaintiff Andrew K. Bonner, Jr. appeals the grant of summary judgment in favor of defendant Cumberland Regional School District Board of Education.1 We affirm for the reasons set forth in the comprehensive fourteen-page written opinion of Judge Darrell M. Fineman. We add only the following.

This matter arises out of alleged incidents of bullying and harassment perpetrated against plaintiff while he was a student at Cumberland Regional High School (CRHS) from September 2010 through June 2013. In 2009, CRHS adopted a "Harassment, Intimidation, and Bullying" policy (HIB) providing for the procedure for filing a complaint, the investigation process, and the punishment for violations of the HIB.2

The HIB defines "harassment, intimidation, or bullying" as

any gesture, any written, verbal or physical act, or any electronic communication, as defined in N.J.S.A. 18A:37-14, whether it be a single incident or a series of incidents that

1. Is reasonably perceived as being motivated by either any actual or perceived characteristic, such as race, color, religion, ancestry, national origin, gender, sexual orientation, gender identity and expression, or a mental, physical or sensory disability, or by any other distinguishing characteristic;

2. Takes place on school property, at any school-sponsored function, on a school bus, or off school grounds, as provided for in N.J.S.A. 18A:37-15.3;

4/26/2018          ANDREW K. BONNER, JR v. CUMBERLAND REGIONAL HIGH SCHOOL DISTRICT :: 2017 :: New Jersey Superior Court, Appellate Di...

3. Substantially disrupts or interferes with the orderly operation of the school or the rights of other students; and that

a. A reasonable person should know, under the circumstances, that the act(s) will have the effect of physically or emotionally harming a student or damaging the student's property, or placing a student in reasonable fear of physical or emotional harm to his/her person or damage to his/her property; or

b. Has the effect of insulting or demeaning any student or group of students; or

c. Creates a hostile environment for the student by interfering with a student's education or by severely or pervasively causing physical or emotional harm to the student.

In accordance with the policy, plaintiff and his parents filed a HIB complaint with CRHS on November 29, 2012. The complaint alleged plaintiff was the victim of pervasive harassment by students, teachers, and coaches.

Thereafter, John Mitchell, principal of CRHS and HIB coordinator, together with Joseph Spoltore, a bullying specialist, conducted an investigation into plaintiff's complaint, which included interviews with all involved parties. On December 3, 2012, both Mitchell and Spoltore concluded plaintiff's claims were unfounded based on their inability to obtain sufficient corroborating evidence and the inconsistencies in plaintiff's recounting of the alleged predicate events. By letter dated December 10, 2012, plaintiff and his parents were advised of the HIB investigation results. Plaintiff did not appeal the findings to the New Jersey Commissioner of Education pursuant to N.J.S.A. 18A:37-15(b)(6)(e).

On October 24, 2014, plaintiff filed a complaint against defendant alleging, amongst other claims, negligence, "reckless endangerment of numerous children," violations of the HIB policy, the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -42, public transportation laws, medical privacy laws, and/or "intellectual property theft." Defendant filed an answer and an amended answer. Prior to the expiration of discovery, defendant moved for summary judgment, which was denied without prejudice. After the conclusion of discovery, defendant again moved for summary judgment. On April 11, 2016, the judge granted summary judgment in favor of defendant. This appeal followed.

Plaintiff raises the following arguments on appeal

POINT I

Case 3:18-cv-09187-PGS-LHG   Document 11-1   Filed 07/30/18   Page 62 of 64 PageID: 120
4/26/2018    Case 3:18-cv-09187-PGS-LHG   Document 11-1   Filed 07/30/18   Page 62 of 24 PageID: 19
ANDREW R. BONNER, JR v. CUMBERLAND REGIONAL HIGH SCHOOL DISTRICT | 2017 | New Jersey Superior Court, Appellate Di ...

[PLAINTIFF] WAS NOT AFFORDED THE OPPORTUNITY TO APPEAL THE HIB FINDING AND [DEFENDANT'S] HIB INVESTIGATION PROCESS WAS FLAWED.

POINT II

A STUDENT HAS A RIGHT TO ACHIEVE AN EDUCATION FREE OF HARASSMENT AND [PLAINTIFF'S] CLAIMS AS OUTLINED CONSTITUTE HIB UNDER THE NJLAD.

POINT III

DISCLOSURE OF [PLAINTIFF'S] MEDICAL INFORMATION WAS IN VIOLATION OF FERPA.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Nicholas v. Mynster, 213 N.J. 463, 477-78 (2013). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)).

Thus, we consider, as the judge did, whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Ibid. (quoting Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540 (1995)). If there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007), certif. denied, 195 N.J. 419 (2008). We accord no deference to the trial judge's conclusions on issues of law and review issues of law de novo. Nicholas, supra, 213 N.J. at 478.

Having considered appellant's arguments in light of the discovery record, our standard of review and the controlling law, we find them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

1 Defendant was improperly pled as Cumberland Regional High School District.

2 The policy was revised in 2011, and again in 2014.

# EXHIBIT C

2013 New Jersey Revised Statutes

Title 2A - ADMINISTRATION OF CIVIL AND CRIMINAL JUSTICE

Section 2A:15-5.12 - Award of punitive damages; determination

Universal Citation: NJ Rev Stat § 2A:15-5.12 (2013)

2A:15-5.12. Award of punitive damages; determination

4. a. Punitive damages may be awarded to the plaintiff only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence.

b. In determining whether punitive damages are to be awarded, the trier of fact shall consider all relevant evidence, including but not limited to, the following:

(1) The likelihood, at the relevant time, that serious harm would arise from the defendant's conduct;

(2) The defendant's awareness of reckless disregard of the likelihood that the serious harm at issue would arise from the defendant's conduct;

(3) The conduct of the defendant upon learning that its initial conduct would likely cause harm; and

(4) The duration of the conduct or any concealment of it by the defendant.

c. If the trier of fact determines that punitive damages should be awarded, the trier of fact shall then determine the amount of those damages. In making that determination, the trier of fact shall consider all relevant evidence, including, but not limited to, the following:

(1) All relevant evidence relating to the factors set forth in subsection b. of this section;

(2) The profitability of the misconduct to the defendant;

(3) When the misconduct was terminated; and

(4) The financial condition of the defendant.

L.1995,c.142,s.4.

https://law.justia.com/codes/new-jersey/2013/title-2a/section-2a-15-5.12/