## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ANDREW K. BONNER, JR.,

    Plaintiff,

    v.

JUSTIA INCORPORATED,

    Defendant.

No. 3:18-cv-09187-PGS-LHG

**Motion (and Supporting Arguments) for Leave to Appear *Pro Se*;**
**Motion (and Supporting Arguments) for Leave to Intervene; and**
**Proposed Opposition to Plaintiff's Motion to Seal**

## I.   Motion for Leave to Appear *Pro Se*

Eugene Volokh seeks leave to appear *pro se* in this case. Proposed intervenors may appear *pro se* to assert their own rights, just as plaintiff may appear *pro se* to assert his own claimed rights.

Indeed, District Courts have allowed such *pro se* intervention in cases seeking unsealing of documents. *See, e.g.*, *In re Application to Unseal 98 cr. 1101(ILG)*, 891 F. Supp. 2d 296, 297-98 (E.D.N.Y. 2012) (granting motion to unseal filed by, among others, "Linda Strauss, a member of the public proceeding pro se"); *FTC v. OSF Healthcare Sys.*, 2012 WL 1144620, *1 (N.D. Ill. Apr. 5) (granting "motion to intervene for the limited purpose of seeking to unseal documents" filed by "Cecile Kohrs, pro se, a journalist"); *In re Sealed Search Warrants Issued June 4 and 5, 2008*, 37 Media L. Rep. 1201 (N.D.N.Y. 2008) (partly granting "motion of Brendan J. Lyons ('Lyons') pro

1

se, a reporter for the Times Union newspaper and the Hearst Corporation, to unseal all documents related to both search warrants"). Volokh has himself successfully moved to unseal documents *pro se* in four different District Court cases. *See Doe v. Does*, No. 1:16-cv-07359 (N.D. Ill. Mar. 11, 2019); *Parson v. Farley*, 352 F. Supp. 3d 1141, 1147 (N.D. Okla. 2018), *aff'd*, 2018 WL 6333562 (N.D. Okla. Nov. 27); *Furtado v. Henderson*, 2018 WL 6521914 (D. Mass. Nov. 26); *Barrow v. Living Word Church*, No. 3:15-cv-341 (S.D. Ohio Aug. 16, 2016).

The Hawaii Supreme Court has recently analyzed the matter in more detail, and likewise concluded that a writer could move *pro se* to unseal a case, without representing his publication, even though he was planning to write an article in that publication. "Any member of the public may assert a personal right to access judicial proceedings and records," the court concluded, and "the right of self-representation exists in both criminal and civil proceedings"; because of this, the writer "was permitted to prosecute his own cause before the [state trial] court, and the court erred by requiring him to retain counsel to enforce his personal right." *Grube v. Trader*, 420 P.3d 343, 359-60 (Haw. 2018). The same analysis should apply in federal court, to *pro se* intervention in order to oppose sealing of documents.

And these holdings make sense. Journalists and other commentators usually seek to intervene to unseal cases without having a financial stake in the dispute. They (and their employers) profit only indirectly and speculatively, if at all, from getting access to the documents. If journalists always had to pay a lawyer to assert their own rights of access, they would often be practically unable to seek unsealing, even though

they had the First Amendment right to do so; and while *pro bono* local counsel are sometimes available, journalists cannot count on such largesse. Journalists and other writers should thus be at least as able to intervene *pro se* as plaintiffs are able to file their complaints *pro se.*

## II.  Motion to Intervene

Volokh also moves to intervene for the limited purpose of opposing plaintiff's motion to seal. "Any interested person may move to intervene pursuant to Fed. R. Civ. P. 24(b) before the return date of any motion to seal or otherwise restrict public access or to obtain public access to materials or judicial proceedings filed under seal." D.N.J. Civ. R. 5.3(c)(5). "[T]he procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 778 (3d Cir. 1994) ("By virtue of the fact that the Newspapers challenge the validity of the Order of Confidentiality entered in the main action, they meet the requirement of Fed. R. Civ. P. 24(b)(2) that their claim must have 'a question of law or fact in common' with the main action.").

Volokh is interested in the outcome of the case because he is writing a law review article about, among other things, attempts to get opinions taken down from Internet sites such as Justia. He also often blogs about Internet takedown litigation at the Reason Magazine site, http://reason.com/volokh. He therefore ought to be allowed to intervene to oppose the attempt to seal material in the case.

### III. Opposition to Motion to Seal

"[T]he public and the press possess a First Amendment and a common law right of access to civil proceedings." *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). "What transpires in the court room is public property," *Craig v. Harney*, 331 U.S. 367, 374 (1947), which is why "both judicial proceedings and judicial records are presumptively available to the public." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (citing *Craig*). "Judges . . . issue public decisions after public arguments based on public records . . . ." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogated on other grounds*, *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 691 (7th Cir. 2016).

This right of access is especially strong for court orders—"it should go without saying that the judge's opinions and orders belong in the public domain." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000); *Doe v. Public Citizen*, 749 F.3d 246, 267 (4th Cir. 2014). But the right also generally applies to "materials that formed the basis of the parties' dispute and the district court's resolution." *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 548 (7th Cir. 2002). "There is a particularly strong presumption of public access to [judicial] decisions as well as to the briefs and documents submitted in relation thereto. The Court's decisions are adjudications—direct exercises of judicial power the reasoning and substantive effect of which the public has an important interest in scrutinizing." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998).

The right of access can be overcome only if "the record before the trial court . . . demonstrate[s] 'an overriding interest based on findings that closure is essential to

preserve higher values and is narrowly tailored to serve that interest.'" *Publicker Industries*, 733 F.2d at 1071 (quoting *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). The plaintiff's motion points to no such interest, and it is hard to imagine one. Nothing in the prospective order, for instance, seems likely to reveal the plaintiff's personal medical or sexual history, or personal identifiers such as social security numbers or bank account information; and in any event, even if such material were to be redacted, that would not justify sealing the order outright.

To be sure, plaintiff may simply not want the public to see information about cases that he has been litigating. But "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.,* 960 F.2d 1013, 1016 (11th Cir. 1992). Litigants' general desire to litigate their cases in private cannot suffice to overcome the public's right of access.

## Conclusion

For these reasons, Volokh asks this Court to allow him to proceed *pro se*, to allow him to intervene, and to reject plaintiff's attempt to seal any future court order in this case, or any other documents in the case.

Respectfully submitted,

s/ <u>Eugene Volokh</u>
Eugene Volokh, *pro se*

## Certificate of Service

I certify that, on April 3, 2019, I served this letter by mail to the plaintiff and to

the counsel for defendant, as listed on the docket, at

Andrew K. Bonner, Jr.
719 Irving Ave.
Bridgeton, NJ 08302
(609) 805-4878

Eric J. Bronstein
Ryan Francis Michaleski
Lewis Brisbois Bisgaard & Smith
550 E. Swedesford Rd.
Suite 270
Wayne, PA 19087
(215) 977-4100

s/ Eugene Volokh
Eugene Volokh, *pro se*

6

X-RAYED

**RECEIVED**

APR 05 2019

CHAMBERS OF US DISTRICT JUDGE
PETER G. SHERIDAN






Apply shipping documents on this side.

Do not use this envelope for:

**UPS Ground**

Expedited®

FOR UPS SHIPPING ONLY

Serving you for more than 100 years
United Parcel Service.

.com® or call **1-800-PICK-UPS®** (1-800-742-5877)
ule a pickup or find a drop off location near you.

hipments

for the Letter rate, UPS Express Envelopes may only contain
dence, urgent documents, and/or electronic media, and must

PROF VOLOKH
3102674736
UCLA SCHOOL OF LAW (LD72)
385 CHARLES E. YOUNG DR., EAST
LOS ANGELES CA 90095

0.0 LBS     LTR          1 OF 1

**SHIP TO:**
CHAMBERS OF JUDGE PETER G. SHERIDAN
CLARKSON S. FISHER BUILDING
ROOM 2020
402 EAST STATE STREET
**TRENTON  NJ 08608-1500**



**NJ 086 0-04**

**UPS NEXT DAY AIR**

TRACKING #: 1Z 9E3 339 NT 9482 5339          **1**



BILLING: P/P
ATTENTION UPS DRIVER: SHIPPER RELEASE

UPS 21.0.23.          WNTNV50 09.0A 01/201'



CHAMBERS OF JUDGE PETER G SHERI
402 E STATE ST
RM 2020
TRENTON NJ 08608-1716

P: YELLOW S: RIGHT                    I: 528

**528 — 1038**                        1030

g Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

010195101   1/15   TG   United Parcel Service