UNIVERSITY OF CALIFORNIA, LOS ANGELES                                                UCLA

BERKELEY · DAVIS · IRVINE · LOS ANGELES · MERCED · RIVERSIDE · SAN DIEGO · SAN FRANCISCO        SANTA BARBARA · SANTA CRUZ

EUGENE VOLOKH
GARY T. SCHWARTZ PROFESSOR OF LAW

SCHOOL OF LAW
405 HILGARD AVE.
LOS ANGELES, CA 90095-1476
(310) 206-3926
volokh@law.ucla.edu

April 1, 2019

Re: *Bonner v. Huber*, No. 3:18-cv-09187

*The Clerk is directed to file this letter brief.*

SO ORDERED: *Peter S[heridan]*
DATED: 4/11/19

Chambers of Judge Peter G. Sheridan
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Room 2020
Trenton, NJ 08608

Dear Judge Sheridan, plaintiff, and counsel for defendants:

I write to ask the Court to reconsider its order filed March 21, 2019, which states that, "In order for Mr. Volokh's letter [of March 19, 2019] to be considered he must be represented by counsel or . . . be retained as an expert by a party to the action." See D.N.J. Local R. 7.1(i) (setting 14-day deadline for filing motions to reconsider an order). As the original letter mentioned in its last paragraph and in the signature block—but perhaps should have said more clearly—I am acting *pro se*, asserting my own First Amendment and common-law rights of access to the file.

Proposed intervenors may appear *pro se* to assert their own rights, just as plaintiff may appear *pro se* to assert his own claimed rights. Indeed, District Courts have allowed such *pro se* intervention in cases seeking unsealing of documents. *See, e.g., In re Application to Unseal 98 cr. 1101(ILG)*, 891 F. Supp. 2d 296, 297-98 (E.D.N.Y. 2012) (granting motion to unseal filed by, among others, "Linda Strauss, a member of the public proceeding pro se"); *FTC v. OSF Healthcare Sys.*, 2012 WL 1144620, *1 (N.D. Ill. Apr. 5) (granting "motion to intervene for the limited purpose of seeking to unseal documents" filed by "Cecile Kohrs, pro se, a journalist"); *In re Sealed Search Warrants Issued June 4 and 5, 2008*, 37 Media L. Rep. 1201 (N.D.N.Y. 2008) (partly granting "motion of Brendan J. Lyons ('Lyons') pro se, a reporter for the Times Union newspaper and the Hearst Corporation, to unseal all documents related to both search warrants"). I myself have successfully moved to unseal documents *pro se* in four different District Court cases. *See Doe v. Does*, No. 1:16-cv-07359 (N.D. Ill. Mar. 11, 2019); *Parson v. Farley*, 352 F. Supp. 3d 1141, 1147 (N.D. Okla. 2018),

*aff'd*, 2018 WL 6333562 (N.D. Okla. Nov. 27); *Furtado v. Henderson*, 2018 WL 6521914 (D. Mass. Nov. 26); *Barrow v. Living Word Church*, No. 3:15-cv-341 (S.D. Ohio Aug. 16, 2016).

The Hawaii Supreme Court has recently analyzed the matter in more detail, and likewise concluded that a writer could move *pro se* to unseal a case, without representing his publication, even though he was planning to write an article in that publication. "Any member of the public may assert a personal right to access judicial proceedings and records," the court concluded, and "the right of self-representation exists in both criminal and civil proceedings"; because of this, "Grube was permitted to prosecute his own cause before the [state trial] court, and the court erred by requiring him to retain counsel to enforce his personal right." *Grube v. Trader*, 420 P.3d 343, 359-60 (Haw. 2018). The same analysis should apply in federal court, to *pro se* intervention in order to oppose sealing of documents.

And these holdings make sense. Journalists and other commentators usually seek to intervene to unseal cases without having a financial stake in the dispute. They (and their employers) profit only indirectly and speculatively, if at all, from getting access to the documents. If journalists always had to pay a lawyer to assert their own rights of access, they would often be practically unable to seek unsealing, even though they had the First Amendment right to do so; and while *pro bono* local counsel are sometimes available, but journalists cannot count on such largesse. Journalists and other writers should thus be at least as able to intervene *pro se* as plaintiffs are able to file their complaints *pro se*.

I recognize that this Court could simply reject plaintiff's attempt to seal, and deny as moot this motion for reconsideration of my request to oppose that attempt. But if the Court wishes to do so, I would like to ask the Court to then vacate its order filed March 21, 2019, so that the order could not be cited as precedent (even if unpublished precedent) to reject people's future attempts to intervene *pro se* to unseal.

Again, if the Court believes this request requires a formal motion, or further filings, I would of course be glad to refile it (and the original opposition to plaintiff's request to seal) that way; but I would also ask for leave, if necessary, to file future documents *pro se* via this Court's CM/ECF system.

Sincerely Yours,

*[signature: Eugene Volokh]*

Eugene Volokh
Gary T. Schwartz Professor of Law
UCLA School of Law
(310) 206-3926
Filing *pro se*
(Institutional affiliation listed for identification only)

## Certificate of Service

I certify that, on April 1, 2019, I served this letter by mail to the plaintiff and to the counsel for defendant, as listed on the docket, at

Andrew K. Bonner, Jr.
719 Irving Ave.
Bridgeton, NJ 08302
(609) 805-4878

Eric J. Bronstein
Ryan Francis Michaleski
Lewis Brisbois Bisgaard & Smith
550 E Swedesford Road
Suite 270
Wayne, PA 19087
(215) 977-4100

s/ Eugene Volokh