Case 3:18-cv-09187-PGS-LHG Document 43 Filed 05/02/19 Page 1 of 3 PageID: 523

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| May 2, 2019 at 9:26:59 AM EDT | 856 451 3452 | 107 | 3 | Received |

May 02 19, 09:24a    Bonner                                    856-451-3452         p.1

> motion is adjourned to July 31, 2019 and will be heard with the motion to dismiss. Plaintiff's issues with Prof. Volokh may be addressed at hearing
>
> SO ORDERED: Peter ‎/s/ Sheridan
>
> DATED: 5/2/19

## MOTION TO ADJOURN

Bonner v. Huber, No. 3:18-cv-09187

To Judge Peter G. Sheridan:

This is a motion to adjourn the upcoming telephone conference that is scheduled to take place regarding the case Bonner v. Huber on May 6th, 2019 at 2:00 PM. The plaintiff was advised by the court to put a formal letter asking for adjournment in writing. I the plaintiff have college testing on May 6th, 2019 at the time that the telephone conference is supposed to be taking place at 2:00 PM and therefore I will not be available for a phone conference between the plaintiff and the defendant and the court. Because of several tests that the plaintiff has to do, Plaintiff will not be available until May 15th, 2019. Plaintiff asks that if he is required by the court to engage in a telephone conference that such a conference not be scheduled until May 15th, 2019.

Furthermore, Plaintiff has expressed to the court that he does not want to engage in any communication or phone conference which involves Eugene Volokh. Plaintiff has filed criminal charges against Eugene Volokh and will be required to testify against him in criminal court unless Eugene Volokh pleads guilty. Plaintiff has several incidents of Eugene Volokh harassing him and threatening to cyber-harass him already recorded and reported to the state police. Plaintiff has copies of these police reports against Eugene Volokh. Naturally, it would be improper for Eugene Volokh who is a criminal defendant and direct enemy of the plaintiff to be allowed to intervene in the plaintiff's civil case of which Eugene Volokh is not a party. The criminal defendant Eugene Volokh should not be able to compulsorily force the plaintiff to speak to him and argue with him via telephone conference. Also, Plaintiff is very strong minded and will not submit to a bully so any telephone conference involving the arguments of Eugene

Volokh will not be pleasant. Plaintiff does not want to engage in a telephone conference involving Eugene Volokh in which he knows that he will likely end up saying something that is not formal or proper to say in court. Eugene Volokh is so annoying that Plaintiff knows he will not be able to resist saying something very bad, mean, and insulting to Eugene Volokh. Plaintiff knows that he will likely not be able to resist the temptation to keep continuing to insult Eugene Volokh if such a telephone conference were to take place. Plaintiff apologizes to the court for his mental state right now, but the court must understand how very deeply angry he is concerning the matters of this case. Plaintiff will not be able to resist insulting Eugene Volokh if a telephone conference involving him takes place. Plaintiff asks that the court please understand that Plaintiff feels that it is improper for him to engage in a telephone conference involving Eugene Volokh when the plaintiff has criminal charges that he must give testimony to against Eugene Volokh.

Plaintiff was advised by the judge's clerk and chambers deputy that the judge is willing to work around the plaintiff's school testing schedule. Plaintiff is undergoing a series of college final testing very soon and will be unavailable on May 6th, 2019 at 2:00 PM when the current telephone conference is scheduled to take place. Plaintiff asks the court to please adjourn the motions to a date of May 15th, 2019 or later, or possibly remove the need for a telephone conference motion all together and decide the motions based on the party's filings in accord with proper law.

Plaintiff: Andrew K. Bonner Jr.

## CERTIFICATE OF SERVICE

Plaintiff certifies that he will be delivering these documents to the court via fax to chambers if possible, or if the faxing of them is not possible they will be delivered via express mail by the United States Postal Service. Plaintiff will be serving these documents to the defendant via email.

Plaintiff: Andrew K. Bonner Jr.

5/2/19

May 02 Case 3:18-cv-00187-PGS-LHG  Document 43  Filed 05/02/19  Page 3 of 3 PageID: 525