# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW K. BONNER, JR., <br><br> Plaintiff, <br><br> v. <br><br> JUSTIA INCORPORATED, *et al.*, <br><br> Defendants. | Civil Action No. <br> 3:18-cv-9187 (PGS) (LHG) <br><br> **MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on two motions and one application: (1) a motion to dismiss the amended complaint; filed by Defendant Justia, Inc. ("Justia"), (2) an application by Plaintiff requesting that the order on the motion to dismiss not "be reported, copied, distributed, shared, or by any other means used by anyone or any website," which the Court construes as a motion to seal; and (3) a motion by Eugene Volokh, a law professor at the University of California, who seeks to intervene in opposition to Plaintiff's motion to seal.

## FACTUAL AND PROCEDURAL HISTORY

The Court previously dismissed the original complaint on a Rule 12 basis and this motion is to dismiss an amended complaint naming Justia, Inc., as the sole defendant. (ECF No. 23).

For context, the Plaintiff was a litigant in an underlying state court case. *Bonner v. Cumberland Reg'l High Sch. Dist.*, 2017 WL 2774081 (N.J. App. Div. June 27, 2017). In that case, the Appellate Division issued an opinion. Plaintiff seems to believe the opinion is his personal property. In this action, Plaintiff is apparently seeking to seal the opinion in the Appellate Division matter. The original federal complaint references a New Jersey state court action in which he

alleged he was bullied and harassed "while he was a student at Cumberland Regional High School." *Id.* Plaintiff's school concluded his claims were unfounded, which led to the Appellate Division's opinion. The trial court granted summary judgment, and the New Jersey Appellate Division affirmed. Plaintiff then commenced this case on other grounds. Plaintiff claims, "There was a theft and embezzlement of [his] property"; without any supporting facts. (*Id.* at 3). He merely claims, "Justia Inc. stole my property in order to deprive me of it as well as damaged other property belonging to me." (*Id.*). Plaintiff justified the lack of facts, stating that he "wishes to not disclose more in this document and instead will make things clear in the exhibits, trial testimony, and briefing." (*Id.*). Plaintiff seeks damages for "emotional distress, depression, change in emotional behavior, intimidation, improper disclosure, legal abuse syndrome, anger, victimization, [and] scapegoating." (*Id.* at 4). Plaintiff seeks "a jury trial so the jury can fully consider all of the facts set out in the case." (*Id.*).

Although not alleged in the amended complaint, according to Justia's brief, it is a provider of free online legal information. Justia obtained Bonner's opinion from the online repository of New Jersey case law maintained by Rutgers University. Justia posted the Appellate Division Opinion on its website for the public to access for free.

In addition to being a law professor, Mr. Volokh is currently writing a law review article about individuals attempting to have opinions taken down from the internet. He also writes an online blog about internet takedown litigation. Further, Professor Volokh has identified several cases in which courts have permitted an interested party like himself to file similar motions to intervene pro se. *See, e.g., In re Application to Unseal 98-cr-1101(ILG)*, 891 F. Supp. 2d 296, 297-98 (E.D.N.Y. 2012); *FTC v. OSF Healthcare Sys.*, 2012 WL 1144620, at 1 (N.D. Ill. April 5, 2012); *In re Sealed Search Warrants Issued June 4 and 5, 2008*, 2008 WL 5667021 (N.D.N.Y.

2008). Professor Volokh has also cited cases in which he has intervened pro se to oppose a motion to seal or to file a motion to unseal. *See Furtado v. Henderson*, 2018 WL 6521914 (D. Mass. Nov. 26, 2018); *Barrow v. Living Word Church*, No. 3:15-CV-341 (S.D. Ohio Aug. 16, 2016); *Doe v. Does*, No. 1:16-CV-7359 (N.D. Ill. Mar. 11, 2019); *Parson v. Farley*, 352 F. Supp. 3d 1141, 1147 (N.D. Okla. 2018). Volokh articulated that he has an interest in intervening in this action because he is writing a law review article related to the subject matter of this litigation. (*See* Brief of Eugene Volokh, ECF No. 33 at 3).

### LEGAL ANALYSIS

#### Motion to Intervene

"Any interested person may move to intervene pursuant to Fed. R. Civ. P. 24(b) before the return date of any motion to seal or otherwise restrict public access or to obtain public access to materials or judicial proceedings filed under seal." L. Civ. R. 5.3(c)(5). The Third Circuit has "routinely found, as have other courts, that third parties have standing to challenge protective orders and confidentiality orders in an effort to obtain access to information or judicial proceedings." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994). "[T]he procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action." *Id.* at 778.

Professor Volokh's motion to intervene pro se is more like an application to appear as amicus curiae, as he has special knowledge of this area of law. As such, Professor Volokh is allowed to file a brief and argue the merits of the motion to seal.

## Application to Seal

Plaintiff seeks to prevent the Appellate Division Opinion from being "reported, copied, distributed, shared, or by any other means used by anyone or any website." (ECF No. 26). "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). The Third Circuit has recognized "that the public and the press possess a First Amendment and a common law right of access to civil proceedings; indeed, there is a presumption that these proceedings will be open." *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). However, "the trial court may limit this right . . . when an important countervailing interest is shown." *Id.*

More specifically, there is "a presumption that 'all materials and judicial proceedings are matters of public record and shall not be sealed.'" *Novo Nordisk A/S v. Sanofi-Aventis U.S. LLC*, 2008 WL 323611 at 2 (D.N.J. Feb. 4, 1008) (quoting L. Civ. R. 5.3, comment 2). The party seeking to seal "has the burden of establishing 'good cause' with respect to each document that it seeks to seal." *Id.* A party seeking to seal must support such request by affidavit, declaration, certification, or other document "describing with particularity":

> (a) the nature of the materials or proceedings at issue;
>
> (b) the legitimate private or public interest which warrant the relief sought;
>
> (c) the clearly defined and serious injury that would result if the relief sought is not granted;
>
> (d) why a less restrictive alternative to the relief sought is not available;
>
> (e) any prior order sealing the same materials in the pending action; and

> (f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3 (c)(3). The party seeking to seal must provide "legitimate public or private reasons for the documents to be kept from the public" and must identify "a clearly defined and serious injury that would result if the motion is not granted." *Celgene Corp. v. Abrika Pharm., Inc.*, 2007 WL 1456156 at 5 (D.N.J. May 17, 2007).

Plaintiff's request to seal the Appellate Division's Opinion has numerous deficiencies:

1. He has not filed any affidavit, declaration, certification, or other document along with his request.
2. He has not presented any compelling reason that would justify the Court granting the request.
3. He has not suggested any lesser restrictive measures or why one is not available.
4. He has not set forth a significant reason that would warrant sealing these documents and restricting public access.
5. Plaintiff merely expresses his wish that the order on his motion to dismiss not be "reported, copied, distributed, shared, or by any other means used by anyone or any website." (ECF No. 26).
6. Plaintiff has failed to establish what adverse consequences would occur, unless sealing has occurred.

Therefore, Plaintiff's motion to seal is denied.

## Motion to Dismiss

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party.

*See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal,* 556 U.S. at 678-79; *see also Morse v. Lower Merion School District,* 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium,* 214 F.3d 395, 397-98 (3d Cir. 2000).

Here, as acknowledged previously, Plaintiff is proceeding *pro se*, and the Court should read Plaintiff's complaint [here, amended] generously and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted). A pro se complaint may be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff cannot prove any facts to support the claim which would entitle him to relief. *Boone v. Brown,* 05-750 (AET), 2005 U.S. Dist. LEXIS 18131, *15-16 (D.N.J. Aug. 22, 2005) (Thompson, J.) (quoting *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)). Moreover, a motion to dismiss will prevail if the complaint lacks a cognizable legal theory for recovery or there if there are insufficient facts to support a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984).

The amended complaint is substantively meritless, as was the original complaint. Plaintiff is essentially attempting to seal the Appellate Division's Opinion, which – like federal court documents – are open to the public. N.J. Ct. R. 1:38-1. There is a heightened public interest in disclosure of materials that are filed within the Courts, which outweighs private interests in

confidentiality, as the Courts are funded by the public and in general judicial proceedings are not done in secret. *Centennial Mill v. Ply Gem Holdings*, 1:17-cv-7675 (NLH/JS), 2018 U.S. Dist. LEXIS 104475, *15 (D.N.J. Jun. 22, 2018).

Like the court filings in this case, the Appellate Division's Opinion is public. N.J. Ct. R. 1:38-1. Therefore, there is no cognizable legal theory to support the allegations set forth herein. The documents alleged to have been stolen and embezzled are public records with access for the public. In addition, even assuming that the records were not public, there are no allegations to support a claim for theft or embezzlement – the Appellate Division's Opinion is not Plaintiff's personal property. *See State v. Carlos*, 187 N.J. Super. 406, 412 (N.J. Super. Ct. App. Div. 1982). Therefore, Plaintiff has failed to state a claim which would entitle him to relief; Justia's motion to dismiss is granted. Because Plaintiff has had two opportunities to set forth a cause of action, and failed to do so, to allow another amendment to the complaint would be futile. As such, there appears to be no cause of action for the conduct the amended complaint is dismissed with prejudice.

## Order

This matter comes before the Court on: (1) a motion to dismiss filed by Defendant (ECF No. 24); (2) an application to seal filed by Plaintiff (ECF No. 26); and (3) a motion filed by Eugene Volokh for leave to intervene pro se (ECF No. 33). The Court has considered the submissions of the parties and held oral argument on the matter on July 31, 2019. Accordingly, for the reasons stated herein and for good cause shown,

**IT IS** on this __19__ day of August, 2019,

**ORDERED** that the motion for leave to appear pro se and to intervene (ECF No. 33) filed by Eugene Volokh is granted; and it is further

**ORDERED** that the application to seal the Appellate Division's Opinion filed by Plaintiff (ECF No. 26) is denied; and it is further

**ORDERED** that the motion to dismiss the Amended Complaint filed by Justia (ECF No. 24) is granted with prejudice; and it is further

**ORDERED** that the clerk is directed to close the file.

_____
PETER G. SHERIDAN, U.S.D.J.