IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ANDREW K. BONNER, JR.,

  Plaintiff,

v.

JUSTIA INCORPORATED,

  Defendant.

No. 3:18-cv-09187-PGS-LHG

### Opposition to Plaintiff's Motion to Seal (ECF No. 47), with Accompanying Declaration

This Court's Memorandum and Order of Aug. 19, 2019 (ECF No. 45), which was filed in the publicly accessible record, implicitly rejected plaintiff Andrew Bonner's earlier request (ECF No. 26) that the Court issue its Order under seal. (Bonner had asked that, "the judgment order of the motion to dismiss [not] be reported, copied, distributed, shared, or by any other means used by anyone or any website," and that "[t]he order on the motion . . . only be notified and sent to the Plaintiff and the Defendant," ECF No. 26.) This Court's decision was correct, and this Court should likewise reject Bonner's "motion to seal the judgment order and all of the documents of the Motion for Relief From Judgment or Order that he made under Rule 60 of the Federal Rules of Civil Procedure," ECF No. 47, at 2.

"[T]he public and the press possess a First Amendment and a common law right of access to civil proceedings." *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071

1

(3d Cir. 1984). "What transpires in the court room is public property," *Craig v. Harney*, 331 U.S. 367, 374 (1947), which is why "both judicial proceedings and judicial records are presumptively available to the public." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "Judges . . . issue public decisions after public arguments based on public records." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogated on other grounds by RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 691 (7th Cir. 2016).

This right of access is especially strong for court orders—"it should go without saying that the judge's opinions and orders belong in the public domain." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000); *Doe v. Public Citizen*, 749 F.3d 246, 267 (4th Cir. 2014) (quoting *Union Oil* on this point). But it also applies "to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not." *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993). "The common law right of access . . . encompasses all 'judicial records and documents.' It includes 'transcripts, evidence, pleadings, and other materials submitted by litigants . . . .'" *United States v. Martin*, 746 F.2d 964, 968 (3d Cir.1984) (citations omitted). Motions for summary judgment and accompanying documents, for instance, are covered by the right of access, because of "the need for public scrutiny of the basis of the district court's decision." *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660 (3d Cir. 1991). The same logic applies to material filed in connection with (and in opposition to) motions to seal and motions for relief from judgment.

The right of access can be overcome only if "the record before the trial court ... demonstrate[s] 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Publicker Industries*, 733 F.2d at 1071 (quoting *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). Bonner argues that,

> Plaintiff is currently undergoing background investigations for determining one's suitableness to be a public officer and civil servant, and it would be unfair to allow retaliatory individuals such as Eugene Volokh and other websites to scar Plaintiffs public reputation just because of his having participated in a court case. Plaintiff will also be undergoing more background investigations in the future to determine his suitableness to serve in a federal agency, agency, so Eugene Volokh and other appalling legal websites need not be allowed to defame Plaintiff on the internet.

ECF No. 46, at 4. But there is no "overriding interest" in preventing the public from discussing litigation, or from commenting on the litigants—or in preventing future public employers from seeing such commentary.

Nor is there any reason to think that any such commentary would be defamatory; for the text of Volokh's past posts, which accurately report on the court record, *see* Exh. A, B, and C to the Declaration accompanying this opposition. Despite Bonner's legally unfounded demands, *see* Exh. D, Volokh plans to continue writing about the litigation in this case. He has the First Amendment right to do so, and to access court records for that purpose.

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). "Mere embarrassment is insufficient to overcome the strong presumption of public access inherent in the common law right [of access]." *In*

3

*re Avandia Marketing, Sales Practices & Products Liab. Litig.*, 924 F.3d 662, 679 (3d Cir. 2019). "'[T]he fact that information may be damaging to a debtor's reputation is not sufficient to seal a document' in a bankruptcy case." *Bembry-Muhammad v. Greenberg*, No. 15-8829 (JLL), 2016 WL 6246345, *3 (D.N.J. Oct. 24, 2016) (citations omitted). Likewise, the speculation that the filing of a case or of motions might be damaging to the plaintiff's reputation is not sufficient to justify sealing documents in an Article III court. Bonner is not entitled to litigate this case in secret.

## Conclusion

For these reasons, Volokh asks that this Court reject plaintiff's motion to seal.

Respectfully submitted,

s/ Eugene Volokh
Eugene Volokh, *pro se*

## Certificate of Service

I certify that, on October 21, 2019, I served this letter by e-mail to defendant's counsel (with defendant's counsel's consent), and by mail to the plaintiff, as listed on the docket, at

Andrew K. Bonner, Jr.
719 Irving Ave.
Bridgeton, NJ 08302
(609) 805-4878

s/ Eugene Volokh
Eugene Volokh, *pro se*