UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW K. BONNER, JR., <br><br> Plaintiff, <br><br> v. <br><br> JUSTIA INCORPORATED, *et al.*, <br><br> Defendants. | Civil Action No. <br> 3:18-cv-9187 (PGS) (LHG) <br><br> **MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on several motions filed by Plaintiff Andrew K. Bonner Jr. ("Plaintiff"), including: (i) a motion for "Relief from a Judgment or Order" under Fed. R. Civ. P. 60 (ECF No. 46); (ii) a motion for a "Jury Action to find the defendant Civilly Contempt" (ECF No. 49); and (iii) two motions to seal all documents and orders related to those two motions (ECF Nos. 47, 50). For the reasons stated below, all of Plaintiff's motions are denied and this case remains closed.

### I.

The underlying facts in this matter are set forth at length in the Court's August 19, 2019 Memorandum and Order (the "Order") (ECF No. 45), from which Plaintiff seeks relief. In the interest of judicial economy, the Court will only provide a brief summary of the factual and procedural background of this dispute. The Court refers the parties to the Order for a full recitation of same.

For context, Plaintiff was a litigant in an underlying New Jersey State court case. *Bonner v. Cumberland Reg'l High Sch. Dist.*, No. A-4133-15T1, 2017 WL 2774081 (N.J. Super. Ct. App.

1

Div. June 27, 2017), *cert. denied,* 139 S. Ct. 97, 202 L. Ed. 2d 62 (2018), *reh'g denied,* 139 S. Ct. 657, 202 L. Ed. 2d 507 (2018). In this action, Plaintiff claims that Defendant Justia Inc.'s ("Justia") publication of a publicly-available legal opinion in connection with that state court action on Justia's website constituted a "theft and embezzlement of [Plaintiff's] property." (*See* Amended Complaint at 3, ECF No. 23; *see also* Complaint, ECF No. 1).

Defendant Justia is a provider of free online legal information. In prior briefings in this matter, Justia indicated that it obtained the legal opinion at issue from the online repository of New Jersey case law maintained by Rutgers University.

In the Court's prior Order dismissing the Amended Complaint with prejudice, the Court held, as it still believes upon reexamination of this case, that Plaintiff sets forth no cognizable legal harm in connection with Justia's publication of the legal opinion, a public record, on its website. (Order at 7).

In same, the Court also denied Plaintiff's motion to seal the state court legal opinion at issue. (*Id.* at 4-5). The Court also permitted Professor Eugene Volokh ("Intervenor") to intervene to oppose Plaintiff's motion to seal because, *inter alia*, he is writing a law review article related to the subject matter of this litigation. (*Id.* at 3). Professor Volokh has opposed at least one of Plaintiff's motions to seal currently pending before the Court.

## II.

Fed. R. Civ. P. 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence, as well as inadvertence, surprise, or excusable neglect." *Rich v. State*, 294 F. Supp.3d 266, 273 (D.N.J. 2018) (citations and quotation marks omitted). "The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that

2

litigation must be brought to an end and that justice must be done." *Harris v. Greater Erie Cnty. Action Comm.*, 671 F. App'x 853, 855 (3d Cir. 2016) (quoting *Boughner v. Secretary of Health, Education & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)). Nevertheless, "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances." *Mendez v. Sullivan*, 488 F. App'x 566, 569 (3d Cir. 2012) (citation omitted). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and only when "dispositive factual matters or controlling decisions of law" were brought to the Court's attention but not considered. *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987); *see G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Rule 60(b) does not provide a vehicle for advancing new arguments that could have been made prior to the entry of a judgment. *Red Roof Franchising LLC, Inc. v. AA Hospitality Northshore LLC*, 937 F. Supp.2d 537, 543 (D.N.J. 2013). And, "[m]ere 'disagreement with the Court's [prior] decision' does not suffice." *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. CIV. 09-4590 DRD, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citation omitted).

Moreover, it is well established that "[a] Rule 60(b) motion may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 Fed.Appx. 494, 497 (3d Cir. 2010) (citation omitted). In particular, "[a] motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of direct appeal." *Rich*, 294 F. Supp.3d at 273.[1]

---

[1] The Court construes Plaintiff's "Motion under Rule 60 F.R.C.P. – Relief from a Judgment or Order" as a motion arising under Fed. R. Civ. P 60(b). (ECF No. 46). To the extent that Plaintiff's affidavit accompanying this motion (ECF No. 46-5) also references Fed. R. Civ. P. 59(e), his motion is denied for the same reasons set forth in this memorandum. *See Rich*, 294 F. Supp. 3d at 277.

3

# III.

i. **MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**

Plaintiff argues that the Court should grant his Fed. R. Civ. P. 60 motion because the Court "dismissed [his] case with prejudice in an attempt to bar plaintiff from being able to pursue his grievance against [Justia]." (Motion under Rule 60 F.R.C.P. – Relief from a Judgment or Order at 2 of 6, ECF No. 46). In support of his motion, Plaintiff attaches an affidavit arguing that the Court should reconsider its prior Order because the Court allegedly acted with "judicial bias" by virtue of Judge Sheridan's judicial nomination, alleged political affiliation, *inter alia*. (*See* 28 U.S.C. 144 Affidavit, ECF No. 46-5).

From the best the Court can tell, nothing in Plaintiff's rambling and incoherent motion, or affidavit in support thereof, come close to "demonstrat[ing] the existence of 'extraordinary circumstances' that justify reopening the [Court's prior] judgment." *Holland*, 409 F. App'x at 497. Plaintiff does not plausibly assert a mistake of law or fact. At most, Plaintiff states a "[m]ere 'disagreement with the Court's [prior] decision," which does not suffice to reopen a case. *ABS Brokerage*, 2010 WL 3257992, at *6.

Moreover, to be clear, there is nothing about this case that prevented Judge Sheridan from presiding over this matter impartially, fairly, and without bias. He did "not allow family, social, political, financial, or other relationships to influence [his] judicial conduct or judgment" in any way. (Guide to Judiciary Policy, Ch. 2: Code of Conduct for United States Judges, Canon 2B., ECF No. 46-2).

In short, Plaintiff may appeal to the Third Circuit the Court's prior decision to dismiss this case with prejudice if he so wishes, but he may *not* use the present "Rule 60(b) . . . as a substitute

for appeal."[2] *Holland*, 409 F. App'x at 497. For these reasons, and for the reasons stated on the record, his motion is denied.

### ii. MOTION FOR A JURY TRIAL

Since the Court denies Plaintiff's motion to reopen the case pursuant to Rule 60(b), it denies Plaintiff's motion for a "Jury Action to find the defendant Civilly Contempt" as moot. (ECF No. 49). This case is closed, and thus there is nothing to submit to a jury. Thus, Plaintiff's jury demand must be denied.

Even if the case were not closed, the Court does not find any basis for submitting to a jury the issue of whether Defendant or Intervenor are subject to civil contempt. In Plaintiff's motion, he contends that civil contempt sanctions are warranted because Defendant "committed the crime of spoliation" (Jury Demand at 4-7, ECF No. 49); Defendant committed wire fraud and mail fraud (*Id.* at 7); and Defendant violated the Privacy Act of 1974 (*Id.* at 10-11). At oral argument, Plaintiff may have also indicated that Intervenor has engaged in similar misconduct. However, "civil contempt is imposed by the judge upon a finding that one has failed to comply with a valid court order" in a pending case. *United States v. Harris*, 582 F.3d 512, 514 (3d Cir. 2009). Here, Plaintiff does not allege that Defendant or Intervenor should be sanctioned for failing to comply with a court order. Moreover, a jury trial is not required in a civil contempt proceeding. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). For these additional reasons, among others, Plaintiff's request for a jury trial is denied.

---

[2] The Third Circuit provides detailed instructions regarding the appellate process on its website. The Court encourages Plaintiff to review the website and the Third Circuit's Local Appellate Rules, in particular. *See* Rules & Procedures, available at https://www.ca3.uscourts.gov/rules-procedures-0.

5

### iii. APPLICATIONS TO SEAL

Plaintiff moves to seal all documents and orders relating to the two motions denied above. (ECF Nos. 47, 50). However, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978) (citations omitted). Indeed, there is "a presumption that 'all materials and judicial proceedings are matters of public record and shall not be sealed.'" *Novo Nordisk A/S v. Sanofi-Aventis U.S. LLC*, No. 07–3206(MLC), 2008 WL 323611, at *2 (D.N.J. Feb. 4, 2008) (citation omitted); *see also Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("[I]t should go without saying that the judge's opinions and orders belong in the public domain."). The party seeking to seal "has the burden of establishing 'good cause' with respect to each document that it seeks to seal." *Id.* A party seeking to seal must support such request by affidavit, declaration, certification, or other document "describing with particularity":

> (a) the nature of the materials or proceedings at issue;
>
> (b) the legitimate private or public interest which warrant the relief sought;
>
> (c) the clearly defined and serious injury that would result if the relief sought is not granted;
>
> (d) why a less restrictive alternative to the relief sought is not available;
>
> (e) any prior order sealing the same materials in the pending action; and
>
> (f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3 (c)(3). The party seeking to seal must provide "legitimate public or private reasons for the documents to be kept from the public" and must identify "a clearly defined and serious injury that would result if the motion is not granted." *Celgene Corp. v. Abrika Pharm., Inc.*, No.

06–5818(SDW), 2007 WL 1456156, at *5 (D.N.J. May 17, 2007). Here, Plaintiff's motions to seal do not comply with the Local Rules, nor provide legitimate reasons for keeping the documents out of the public domain. Therefore, Plaintiff's motions to seal are denied.

### ORDER

**THIS MATTER** having been brought before the Court on Plaintiff's motions under Fed. R. Civ. P. 60 (ECF No. 46), for a jury trial (ECF No. 49), and to seal documents related to same (ECF Nos. 47, 50); and the Court having fully considered the submissions in support thereof, and any opposition thereto; and for the reasons set forth by the Court on the record on October 25, 2019; and for good cause shown;

**IT IS** on this ___31___ day of ___October___, 2019,

**ORDERED** that Defendants' motions (ECF Nos. 46, 47, 49, 50) are denied; and it is further

**ORDERED** that the Clerk of Court is directed to close this case; and it is further

~~**ORDERED** that the Clerk of Court is directed to mail a copy of this Order to Mr.~~ Bonner; and it is further

**ORDERED** that the Clerk is instructed not to accept future pleadings or motions from Plaintiff unless Mr. Bonner obtains leave of Court. The Court maintains the inherent authority to control and manage its docket to achieve judicial efficiency and to secure just results. Plaintiff's ongoing filings and telephone calls disrupt judicial efficiency and usurp the Court's attention to other matters pending before it.

_____
PETER G. SHERIDAN, U.S.D.J.